ZIMMIE, APPELLANT AND CROSS-APPELLEE, *v.*
ZIMMIE, APPELLEE AND CROSS-APPELLANT.

[Cite as Zimmie *v.* Zimmie (1984), 11 Ohio St. 3d 94.]

(No. 83-580—Decided June 13, 1984.)

*Schwarzwald, Robiner, Wolf & Rock Co., L.P.A., Mr. Marshall J. Wolf, Ms. Ilana Horowitz, Messrs. Schiller, DuCanto & Fleck* and *Mr. Joseph DuCanto,* for appellant and cross-appellee.

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A., Mr. Gerald S. Gold, Mr. Niki Z. Schwartz* and *Ms. Susan L. Gragel,* for appellee and cross-appellant.

CLIFFORD F. BROWN, J. Six propositions of law have been presented by this appeal and cross-appeal.

## I

The first issue raised in this cause is whether the trial court erred in its reinstatement of defendant's counterclaim after its voluntary dismissal.

It is axiomatic that such dismissal deprives the trial court of jurisdiction over the matter dismissed. After its voluntary dismissal, an action is treated as if it had never been commenced. *Goldstein* v. *Klivans, Inc.* (App. 1931), 10 Ohio Law Abs. 133. Jurisdiction cannot be reclaimed by the court. However,

as noted by the court of appeals below, the plaintiff failed to interpose any objection to the trial court's reinstatement and consolidation order. Plaintiff thus waived her right to complain of this error.

Further, Civ. R. 15(B) in part provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * *"

The rule further provides that the pleadings may be amended upon motion to reflect the new matter introduced. Thus, even if plaintiff had objected at trial, the trial court could have permitted the issues to be litigated and the pleadings amended to conform with the proof. Therefore, such error was not prejudicial to the plaintiff.

## II

Plaintiff-appellant assigns error to the trial court's granting of the defendant's motion for summary judgment, contending that summary judgment is inappropriate in a divorce proceeding because it circumvents Ohio law requiring a hearing and corroborating testimony.

Summary judgment is not prohibited in divorce proceedings. In fact, Civ. R. 75(A) provides that the Rules of Civil Procedure "shall apply in actions for divorce * * *." Appellant asserts that summary judgment precluded the admission of evidence on defendant's extramarital affairs, in support of her grounds for divorce. We fail to see the force of this argument. The summary judgment granting the divorce stemmed from evidence of the separation of the parties for two years. Thus, evidence on the defendant's marital misconduct was unnecessary. At the time of trial, R.C. 3105.01(K) authorized a trial court to grant a divorce "[o]n the application of either party, when husband and wife have, without interruption for two years, lived separate and apart without cohabitation * * *." Defendant's evidence was corroborated by plaintiff's testimony on this point.

The trial court's granting of the divorce by summary judgment was not error, and is hereby affirmed.

## III

Plaintiff-appellant contends that the trial court erred to her prejudice by excluding testimony of defendant's marital misconduct, which is relevant to the determination of alimony pursuant to R.C. 3105.18. We disagree.

Although R.C. 3105.18, which sets forth factors to be considered in alimony awards, does not list marital misconduct, this court has held that it may be a relevant factor in the court's determination. *Esteb* v. *Esteb* (1962), 173 Ohio St. 259 [19 O.O.2d 80]. Total exclusion of such evidence may be improper in many situations, but such was not the case here. The record discloses that the trial court did take notice of defendant's marital misconduct. Evidence was admitted showing the plaintiff's emotional problems stemming from the defendant's extramarital affairs. Exclusion of lengthy

testimony on this subject does not establish the trial court's refusal to consider it as a relevant factor in determining its award of alimony.

The appellant has failed to show that the trial court abused its discretion in excluding this particular testimony. Absent such showing, the reviewing court will not reverse the finding of the trier of fact. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217.

## IV

The plaintiff-appellant urges that the trial court erred in excluding from consideration property acquired prior to the marriage and the post-marital enhancement thereof, and that the result of such exclusion is inequitable. Most notable was the exclusion of a $900,000 patent which the trial court ruled belonged solely to defendant.

This court has held that property division need not be equal to be equitable. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 355 [20 O.O.3d 318]. Further, the trial court "must have discretion to do what is equitable upon the facts and circumstances of each case." *Cherry, supra,* at 355. A reviewing court will not interfere unless the complaining party affirmatively shows an abuse of discretion by the trial court.

The record discloses that the trial court had before it evidence on the value of the property excluded and the plaintiff's contribution, or lack thereof, to its acquisition and enhancement. The plaintiff-appellant has failed to show that the exclusion from consideration by the trial court of property acquired before marriage and its post-marital enhancement was an abuse of its discretion to arrive at an equitable division of marital property. The trial court's judgment cannot be disturbed on appeal absent such showing. *Blakemore* v. *Blakemore, supra,* at 218.

## V

The next issue for our consideration is whether the division of marital property determined by the trial court was an abuse of discretion. That court awarded plaintiff $75,000 per year for nineteen years, expressly classifying this award as including an equitable division of property as well as sustenance alimony. The problem centers on the existence of contingencies attached to this award. The defendant's obligation to pay ceases entirely on the plaintiff's death, remarriage or cohabitation. Plaintiff-appellant submits that a unified award of sustenance alimony and property division may not be subject to contingencies. We agree. These contingencies constitute a forfeiture of property rights.

The division of marital property element of permanent alimony differs from purely sustenance alimony in that it is a division of the assets of a marriage rather than an allowance for support. Once the division of property is fixed by the court, both spouses are legally entitled to the share respectively allotted to them. See *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 412-413 [75 O.O.2d 474]. Contrarily, permanent sustenance alimony is in the nature of

support, and the attachment of conditions to its continuance is reasonable considering that the need for such support may change, thus altering the payor's obligation. Such conditions are not acceptable, however, as limitations on the division of marital property. Plaintiff is legally entitled to that portion of the award which is classified as a division of marital property. Her eventual remarriage, death, cohabitation or any other contingency is utterly irrelevant to her entitlement to this amount.

In fact, counsel for defendant-appellee conceded in oral argument before this court that the contingencies referred to by the trial court should not, and were never intended to, attach to the property division. We therefore reverse that part of the trial court's judgment which affixed conditions to the unified award, and remand this issue to the trial court for further proceedings to segregate the property division portion of the award from the sustenance alimony component.

## VI

The final issue for disposition, and the one raised on cross-appeal, is whether the trial court erred in finding the antenuptial agreement in this case unenforceable.

Although antenuptial agreements are not *per se* invalid, they must meet certain minimum standards of good faith and fair dealing. If the agreement is fair and reasonable under the circumstances, it will be deemed enforceable. *Gross* v. *Gross* (1984), 11 Ohio St. 3d 99; *Hook* v. *Hook* (1982), 69 Ohio St. 2d 234 [23 O.O.3d 239]. The prospective spouse must be fully and accurately apprised of the nature, value, and extent of the property affected by the agreement, and must enter into it voluntarily. *Hook, supra,* at 236.

The evidence before the trial court was that the plaintiff saw the agreement for the first time just one day prior to the wedding. There had been no previous discussion of the agreement's contents. Shortly after receiving the agreement in the mail, plaintiff was taken to the office of defendant's attorney where she signed the agreement without reading its entire contents.

The plaintiff testified that no one explained to her the value of defendant's corporate assets or that she was giving up any marital rights in the defendant's property. Plaintiff further testified that she thought she had no choice but to sign the agreement.

The trial court found, and the appellate court agreed, that the evidence was sufficient to support the conclusion that plaintiff did not voluntarily enter into the agreement with a full disclosure of the defendant's financial worth. Based upon the record before us, we are unable to find that the court of appeals erred in this matter.

The facts in the case *sub judice* may be distinguished from those of *Hook, supra,* wherein this court upheld an antenuptial agreement. In *Hook,* we found the statement of the husband's assets to be "* * * in excess of Sixty Thousand ($60,000) Dollars, at the date hereof * * *" clearly satisfied the requirement of full disclosure because the amount of relevant assets held by

him approximated the stated figure. Therefore, we concluded that there was no evidence that the wife had been misled concerning the extent of her former husband's assets.

Based on the foregoing, the judgment of the court of appeals is reversed in part pertaining to the unified alimony award, but affirmed in all other respects, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment accordingly.*

CELEBREZZE, C.J., KOEHLER, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

KOEHLER, J., of the Twelfth Appellate District, sitting for W. BROWN, J.