T.C. Memo. 1998-268


UNITED STATES TAX COURT


THOMAS H. NELSON AND DONNA J. ZULLO NELSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21947-96.                    Filed July 22, 1998.


<u>Christopher Altier</u>, for petitioners.

<u>Katherine Lee Wambsgans</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years 1992 and 1993.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' 1992 and 1993 Federal income taxes in the amounts of $4,671 and $5,376, respectively. The issue for decision is whether certain payments made by Thomas H. Nelson to his former spouse during the years in issue constitute alimony within the meaning of section 71 and are therefore deductible pursuant to section 215.

FINDINGS OF FACT

This case was submitted fully stipulated, and the stipulated facts are so found. Petitioners are husband and wife. They filed timely joint Federal income tax returns for the years 1992 and 1993. At the time the petition was filed, they resided in Kingsville, Ohio. References to petitioner are to Thomas H. Nelson.

Petitioner married Mary Kay Nelson on September 19, 1964. Their marriage was dissolved by a Judgment Entry and Decree filed on June 11, 1987, by the Court of Common Pleas, Astabula County, Ohio (the divorce decree).

Relevant for our purposes, the divorce decree contains the following provisions:

III) ALIMONY

A) Periodic Payments of Permanent Alimony

Pursuant to the agreement of the parties hereto, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [petitioner] pay to * * * [Mary Kay Nelson] the sum of One Thousand Three Hundred Dollars ($1,300.00), plus two per cent (2%) poundage as and for alimony. Said sum to be paid through the Bureau of Support.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said sum be paid for not less than ten (10) years commencing July, 1987, and each first (lst) day of the month thereafter; provided, however, that upon the expiration of * * * [petitioner's] child support obligation, the amount of alimony to be paid to * * * [Mary Kay Nelson] by * * * [petitioner] shall be increased the next following month and each month thereafter to the sum of One Thousand Six Hundred Dollars ($1,600.00), together with two per cent (2%) poundage.

The above alimony obligation shall terminate upon the death of * * * Mary Kay Nelson.  * * * [Petitioner] shall provide and maintain a policy of decreasing principal term life insurance upon his life in an amount equal to the decreasing balance of the alimony obligation set forth above.  Mary Kay Nelson shall be named as beneficiary on said policy.

Pursuant to the agreement of the parties hereto * * * Mary Kay Nelson, hereby waives and releases any and all rights to further or additional sums of alimony to be paid by * * * [petitioner].

In separate sections of the divorce decree, personal and business marital property was divided between petitioner and his former spouse.

Apparently, Mary Kay Nelson remarried and became employed after the effective date of the divorce decree.  Based upon those reasons, petitioner sought relief from above-cited alimony provisions of the divorce decree.  In 1989 he filed a motion for relief in the court that issued the divorce decree (the divorce court).  His motion was denied upon the ground that the divorce court no longer had jurisdiction over the matter.  In an order filed June 11, 1989, denying petitioner's motion, the divorce

court noted that the payments designated as alimony in the divorce decree were actually part of the division of marital property.  Petitioner appealed the divorce court's order to the appropriate appellate court.  The appellate court held that the divorce court no longer had jurisdiction in the matter and in an opinion filed February 19, 1991, affirmed the divorce court's order denying the relief petitioner requested.  The appellate court likewise viewed the alimony payments to be part of the division of marital property, stating in its opinion:

> Although it is possible that the monthly payments in question were used by * * * [Mary Kay Nelson] for support, the foregoing evidence clearly shows that the payments were part of the distribution of the marital assets.  Under these circumstances, the fact that * * * [Mary Kay Nelson] had remarried and had a new job would not affect her right to the payments.  See, Zimmie v. Zimmie (1984), 11 Ohio St. 3d 94.

Elsewhere in its opinion, the appellate court pointed out that under Ohio law the use of the term "alimony" in the divorce decree did not conclusively establish the purpose for which the payments were made, stating:

> Historically, under Ohio law, alimony has been said to consist of two separate elements: periodic payments for sustenance and support, and the distribution of the marital assets.  Cherry v. Cherry (1981), 66 Ohio St. 2d 348, 352.  As this court noted in Peck v. Peck (June 2, 1989), Ashtabula App. No. 88-A-1385, unreported, the distinction between the two types can often be difficult to discern.  However, certain rules have been provided for making this determination:
>
> > Generally, the underlying purpose for the periodic payment is the factor which

distinguishes support from property distribution. The former is meant to provide sustenance support, while the latter involves the readjustment of the parties property rights. St Clair v. St. Clair (1983), 9 Ohio App. 3d 195; Wolfe, supra. Other criteria which courts have employed in making this distinction are whether the award is for a definite sum and if it is not subject to contingencies. Vaught v. Vaught (1981), 2 Ohio App. 3d 264; Bean v. Bean (1983), 14 Ohio App. 3d 358. If the periodic payments have these characteristics, they are considered to be part of the property distribution. Id. at 5.

In each year in issue, in accordance with the terms of the divorce decree, petitioner paid his former spouse $19,200 ($1,600 per month x 12 months). Alimony deductions with respect to these amounts were claimed on petitioners' Federal income tax returns for those years. In the notice of deficiency, respondent disallowed the alimony deductions upon the ground that "the payments represent a property settlement."

OPINION

In general, an individual is allowed to deduct amounts paid as alimony during the taxable year to the individual's spouse, or former spouse. Sec. 215. A payment constitutes alimony within the meaning of section 215 if the payment is made in cash (including checks and money orders payable on demand, sec. 1.71-1T(a), Income Tax Regs., 49 Fed. Reg. 34455(Aug. 9, 1989)), and (1) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument; (2) the divorce or separation

instrument does not designate such payment as a payment that is not includable in the payee's gross income under section 71 and is not allowable as a deduction to the payor under section 215; (3) if the individual and the spouse are legally separated, they are not members of the same household; and (4) the payor has no liability to make any such payment for any period after the death of the payee. Secs. 71(b), 215(b).

Relying upon the above definition and the language of the divorce decree, petitioners argue that the payments petitioner made to Mary Kay Nelson during the years in issue constitute alimony within the meaning of section 215 and are therefore deductible as claimed on their Federal income tax returns.

Respondent agrees with petitioners that as far as the literal language of the divorce decree provides, the payments satisfy the definition of alimony for Federal income tax purposes. However, according to respondent, the actions of the divorce court and appellate court supersede the language of the divorce decree. Therefore, according to respondent, and at least with respect to the years in issue, if not before, payments made pursuant to the relevant alimony portion of the divorce decree are not deductible. Respondent's argument is grounded upon the principle that the division of marital property does not give rise to an alimony deduction on the part of the payor spouse, a proposition of law not disputed by petitioners. See sec. 1041.

Petitioners, however, do not agree that the alimony provisions contained in the divorce decree were part and parcel of the division of marital property between petitioner and his former spouse. They further argue that even if so, because the payments fit within the definition of alimony for Federal income tax purposes, the intended purpose for the payments is of no consequence. For the following reasons, we agree with petitioners' second argument.

Respondent invites us to distinguish between a payment made as part of a division of marital property and one made for spousal support. As noted in the portions of the appellate court's opinion reproduced above, that distinction "can often be difficult to discern". Under prior law we would have been compelled to do so. However, under section 71(b) the distinction need not be made. In an attempt to avoid the exact type of dispute involved here, the Congress, mindful that the term "alimony" is used and interpreted differently from State to State, amended a prior version of section 71 in order to provide a uniform and objective definition of the term for Federal income tax purposes. For a discussion on this point, see Cunningham v. Commissioner, T.C. Memo. 1994-474.

Neither the June 11, 1989, order of the divorce court, nor the opinion of the appellate court affirming that order changed or modified the divorce decree. Consequently, the dispute

between the parties can be resolved merely by examining the divorce decree in order to determine whether certain payments petitioner was obligated to make fit within the definition of alimony set forth in section 71(b).  After doing so, we conclude that petitioners are entitled to the alimony deductions here in dispute because all of the requirements set forth in the relevant statutes have been satisfied.  The possibility that the payments might have represented a division of marital property, as suggested by the local courts after the effective date of the divorce decree, makes no difference.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioners</u>.