OPINION
On June 19, 1996, East-West Construction Company, Inc. ("East-West") filed a complaint in the Court of Claims of Ohio against the Ohio Department of Natural Resources ("ODNR") setting forth claims for relief of breach of contract and unjust enrichment. The claims arose out of a construction contract for improvements to Mohican State Park. On January 22, 1997, ODNR filed an amended answer, asserting a counterclaim for damages due to East-West's delay in completing the construction project. The matter was set for trial beginning July 27, 1998.
On July 24, 1998, the parties filed a "STIPULATION OFDISMISSAL," which stated:
 Upon the request of the Plaintiff, the Plaintiff and the Defendant Department of Natural Resources stipulate and agree to the voluntary dismissal of all claims and counterclaims in this action, without prejudice.
On July 27, 1998, the parties filed a "STIPULATION," which stated:
 The parties to this matter hereby stipulate to the withdrawal of the voluntary dismissal of this action filed on July 24, 1998.
Also, on July 27, 1998, the parties filed a motion requesting the trial court's approval of the parties' stipulation to withdraw the voluntary dismissal. The parties further moved that the trial court set a trial date of August 17, 1998. On this same date, the trial court journalized an entry "approv[ing]" the parties' stipulation of withdrawal of the dismissal. The trial court also set the matter for trial beginning on August 17, 1998.
A trial was held. On March 24, 1999, the trial court rendered a decision, finding in favor of ODNR on East-West's claims for relief and in favor of East-West on ODNR's counterclaim. On this same date, the trial court journalized an entry reflecting the decision. On April 23, 1999, East-West filed a notice of appeal.
For the reasons that follow, this court must dismiss the appeal. The trial court lost jurisdiction over the matter once the parties filed the voluntary dismissal of all claims on July 24, 1998. We note that the parties never raised this as an issue either below or before this court. However, issues pertaining to subject-matter jurisdiction are not waivable, and this court may raise the matter sua sponte. Proctor v. Giles (1980), 61 Ohio St.2d 211,212-213 fn. 1. See, also, Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238. Further, during oral argument in the present case, this court ordered the parties to file briefs on the issue of the effect of the voluntary dismissal filed below.
As indicated above, on July 24, 1998, the parties voluntarily dismissed all claims and counterclaims. Such dismissal was pursuant to Civ. R. 41(A)(1), which states, in pertinent part:
 Subject to the provisions of Rule 23(E) and Rule 66,[1] an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. * * *
When a case has been properly voluntarily dismissed pursuant to Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed in the matter. Pagev. Riley (1999), 85 Ohio St.3d 621, 623. See, also, Denham v. NewCarlisle (1999), 86 Ohio St.3d 594, 596, quoting DeVillePhotography, Inc. v. Bowers (1959), 169 Ohio St. 267, 272 (a dismissal without prejudice leaves the parties as if no action had been brought at all); State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 164 (when a court, after a Civ.R. 41[A] voluntary dismissal without prejudice has been filed, enters a nunc pro tunc
entry backdated to the time the court intended to dismiss an action with prejudice, the nunc pro tunc entry is a nullity, and the voluntary dismissal terminates the court's jurisdiction);State ex rel. Hunt v. Thompson (1992), 63 Ohio St.3d 182, 183
(under Civ. R. 41[A][1][a], a plaintiff may dismiss the complaint and if the plaintiff does so, the court consequently loses jurisdiction over the case).
East-West contends that the case of Zimmie v. Zimmie
(1984), 11 Ohio St.3d 94, is applicable to the case at bar. InZimmie, a divorce complaint was filed. Id. The defendant-husband filed a counterclaim. Id. at 95. The defendant-husband then voluntarily dismissed the counterclaim. Id. Shortly thereafter, the plaintiff-wife filed a notice of dismissal of her claim. Id.
The plaintiff-wife then filed a divorce complaint identical to the first. Id. The trial court then granted the defendant-husband's motion to reinstate the counterclaim. Id. The Supreme Court addressed the issue of whether the trial court erred in reinstating the counterclaim after the plaintiff-wife's voluntary dismissal.
The Supreme Court stated that it is axiomatic that a dismissal deprives a trial court of jurisdiction over the matter dismissed and after an action is voluntarily dismissed, it is treated as if it had never been commenced. Id. Further, jurisdiction over such matter cannot be reclaimed by the trial court. Id. However, the Supreme Court went on to state that the plaintiff-wife failed to object to the trial court's reinstatement of the counterclaim and, thus, waived any right to complain. Id. at 95-96. Further, the Supreme Court cited Civ.R. 15(B) which states issues not raised by the pleadings but tried by express or implied consent of the parties shall be treated as if they had been raised in the pleadings. Id. at 96. Civ.R. 15 further provides that the pleadings may be amended to reflect the new matter introduced and, therefore, the trial court could have permitted the issues to be litigated and the pleadings to be amended to conform with the proof. Id. The Supreme Court concluded that the plaintiff-wife was not prejudiced by the trial court's action. Id.
Zimmie is distinguishable from the case at bar. InZimmie, the entire case was voluntarily dismissed, as in the present case. However, in Zimmie, an identical complaint was thereafter filed. Here, no new complaint has been filed. Rather, the parties sought to withdraw the voluntary dismissal. InZimmie, the trial court did have jurisdiction over the second proceeding and, thus, could "reinstate" the previous counterclaim. Here, the trial court lost jurisdiction when the claims were voluntarily dismissed. The trial court had no jurisdiction to "approve" the parties' withdrawal of the voluntary dismissal.
In summary, the parties herein properly dismissed all pending claims and counterclaims without prejudice. There was no condition attached to the voluntary dismissal. Trial had not commenced. Hence, the voluntary dismissal was proper, and the trial court lost jurisdiction over the matter. It could be argued that the July 27, 1998 motion of the parties to recognize the withdrawal of the voluntary dismissal should be treated as a Civ.R. 60(B) motion to vacate and that such motion was granted by the trial court in its July 27, 1998 entry. However, Civ.R. 60(B) permits a court to grant relief only from final judgments, orders or proceedings. Unless the Civ.R. 41(A)(1) voluntary notice of dismissal operates as an adjudication on the merits under Civ.R. 41(A)(1), it is not a final judgment, order or proceeding within the meaning of Civ.R. 60(B). Hensley v. Henry (1980), 61 Ohio St.2d 277, syllabus. Here, the Civ.R. 41(A)(1) voluntary dismissal was without prejudice, and the parties had not voluntarily dismissed the same claim(s) prior to the instant dismissal. Therefore, the voluntary dismissal was not an adjudication on the merits from which Civ.R. 60(B) could afford relief. Id. at 279.
The effect of the voluntary dismissal was to divest the trial court of jurisdiction; therefore, anything that occurred subsequent to the voluntary dismissal is a nullity. See Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus (holding that a judgment rendered by a court lacking subject-matter jurisdiction is void ab initio). Because the trial court had no jurisdiction over the matter once it was voluntarily dismissed, we vacate the judgment of the trial court and dismiss this appeal.
Judgment vacated; appeal dismissed.
BRYANT and BROWN, JJ., concur.
[1] Civ. R. 23(E) addresses class action suits and Civ.R. 66 addresses actions wherein a receiver has been appointed and are not applicable to the case herein.