OPINION
Teresa and Jeffrey West were divorced in Greene County on April 26, 1999. Mrs. West appeals from the final judgment entered in that matter.
The Wests were married on August 2, 1980 and four children were born of the marriage. At the time of the divorce, Mrs. West was earning $20,500 per year and Mr. West was earning $39,000 a year. Mr. West was ordered to pay child support for three of the children who remained in the custody of Mrs. West based on a calculation that Mr. West earned $66,600 a year. The court considered that Mr. West earned an additional $27,600 in "investment income" a year.
Jeffrey West testified that the investment income came from his interest in a partnership which owned a Wendy's franchise in Port Clinton, Ohio. The partnership agreement was changed in 1990 to reflect that West would receive $2300 a month for his role as a passive partner. The franchise was run on a daily basis by the active partner, John Stock. West was employed in Dayton, Ohio as a manager for Steak-and-Shake. West testified that the partnership agreement provides that he will receive $2300 a month as long as the partnership remains in existence. (Tr. 100). Appellee's monthly partnership payments amount to $27,600 a year.
At the conclusion of all the evidence, the magistrate found that the payments from appellee's partnership interest "to be income only and not a property asset to be divided." The trial court adopted the magistrate's report subject to timely objections being filed.
The appellant filed a timely objection on November 10, 1998 to the magistrate's report and she contended the partnership income was "marital property" subject to an equal division in the divorce. On March 16, 1999, the trial court overruled the appellant's objections as "untimely" and a final decree of divorce was filed on April 26, 1999., Appellant assigns the following as error in this appeal:
 THE LOWER COURT COMMITTED REVERSIBLE ERROR IN FINDING THE SUBJECT PARTNERSHIP INTEREST TO BE INCOME ONLY TO THE APPELLEE/DEFENDANT RATHER THAN HOLDING THAT THE PARTNERSHIP INTEREST WAS A MARITAL ASSET SUBJECT TO EQUITABLE DIVISION. SAID HOLDING BY THE COURT WAS AN ABUSE OF DISCRETION., Appellant argues that the appellee's partnership interest was
clearly marital property since the appellee's interest in the partnership was created during the parties' marriage. Appellee does not argue the judgment of the trial court should be affirmed because appellant's objections were untimely. He argues instead that the trial court's treatment of his partnership's payments as "income" was not arbitrary since no value was placed on the partnership interest and the payments were made to him in a fixed amount.
The decision of what should be included as marital assets rests within the sound discretion of the trial court. Guidubaldiv. Guidubaldi (1990), 64 Ohio App.3d 361, 364, 581 N.E.2d 621. Therefore, we will not interfere with the trial court's division of property unless the complaining party affirmatively shows an abuse of discretion by the trial court. Zimmie v. Zimmie (1984),11 Ohio St.3d 94, 97, 464 N.E.2d 142.
Normally a partnership interest acquired during marriage is a marital asset capable of equitable division. The only evidence of the value of appellee's partnership's interest offered was that appellee was entitled to yearly payments of $27,600 regardless of whether the partnership was profitable. The payments were to be made to appellee until his death or until the partnership dissolved. The partnership thus had a value to appellee of providing him an income stream of $27,600 for that duration. We agree that the appellant was entitled to share equitably in that partnership interest and a distribution to her of one-half of the monthly payment would be equitable.
The magistrate himself seemed to recognize the equity of treating the value of appellee's partnership asset as being the income stream appellee received from the partnership.
MR. MULLIGAN: You have?
 THE COURT: No, I say I haven't made up my mind how I'm going to use it, but I think I know what the facts are. The facts aren't really in dispute. $2,300.00 a month comes in and there is no question that each party is entitled to half of that.
MR. MULLIGAN: Okay.
 THE COURT: So it's a matter of how it's treated, whether it's spousal support, income, property settlement.
MR. MULLIGAN: Okay.
THE COURT: Which I'm not sure makes any difference.
MR. MULLIGAN: I'm not sure it does either.
 MR. MULLIGAN: Okay. Does the Court wish to hear any more testimony about the partnership income at all? Or does the Court understand what it's going to do?
 THE COURT: I think I understand what we're talking about. I haven't made up my mind how we're going to handle it.
(Emphasis added). (Tr. 76, 77).
The appellant also argues that she is entitled to one-half of one-third of any proceeds should the partnership be sold or liquidated. Since the partnership may be sold or dissolved long after the parties have been divorced we see no abuse of discretion present in the court's refusal to enter such an order.
The appellant's assignment of error is sustained in part. This matter is remanded to the trial court to enter an order which requires the appellee to pay appellant $1150 a month for her marital interest in the partnership as long as the payments are made to appellee. The trial court should then recalculate the appropriate child support order reflecting the loss of the "investment income" to appellee.
The judgment of the trial court is Reversed and Remanded for further proceedings consistent with this opinion.
 _______________________ BROGAN, J.
FAIN, J., and YOUNG, J., concur.