[¶ 1] Plaintiff-appellant, David B. Taylor, appeals the decision of the Belmont County Common Pleas Court entered in his divorce action against defendant-appellee, Kimberly Ann Taylor. Appellant assigns multiple issues for our review including the computation of child support, the division of marital property, and the award of spousal support.
[¶ 2] Appellant and appellee were married in Flushing, Ohio, on August 26, 1978. The parties had five children: Bethany Ann Taylor (d.o.b.: 7/4/79) who is severely and permanently mentally and physically handicapped, Joshua David Taylor (d.o.b.: 10/7/81) who is an adult, Erin Nicole Taylor (d.o.b.: 12/14/84), Lindsey Irene Taylor (d.o.b.: 12/19/88), and Jordan Rinkes Taylor (d.o.b.: 3/14/92). After twenty-two years of marriage, appellant filed a complaint for divorce on September 14, 2000. On November 2, 2000, appellee answered and counterclaimed for divorce.
[¶ 3] The trial court conducted a final hearing on January 8, 2001. Prior to and at trial, the parties agreed on and stipulated to certain matters. The court filed the judgment decree of divorce on March 28, 2001, which incorporated the agreements of the parties and decided the remaining matters. This appeal followed.
[¶ 4] Appellant's first assignment of error states:
 [¶ 5] "THE TRIAL COURT ERRED IN COMPUTING CHILD SUPPORT AND FAILED TO COMPLY WITH THE CHANGES IN CHILD SUPPORT AND RELATED MATTERS ENACTED BY SENATE BILL 180."
 [¶ 6] Appellant argues that error resulted from the trial court's failure to adjust for spousal support on the child support guideline worksheet, pursuant to the statutory changes which were in effect by the time the court issued its judgment decree of divorce. Under the revised child support guideline worksheet in R.C. 3119.022, line 6 allows a party to include under "other annual income" the amount of spousal support actually received. See, also, R.C. 3119.01(C)(7). In addition, a party may obtain an adjustment to income on line 10 for spousal support paid to any spouse or former spouse. These changes to the worksheet took effect on March 22, 2001, as part of Am.Sub.S.B. No. 180. Prior thereto, R.C.3113.215 did not include spousal support from the other party to the proceeding as income, and one could obtain an income adjustment for payment of spousal support only if the payee was a "former spouse." As indicated, the trial court conducted the final hearing on this matter on January 8, 2001. Am.Sub.S.B. No. 180 was enacted thereafter but prior to the filing of the March 28, 2001 judgment decree of divorce under appeal, while the matter was under advisement by the trial court.
[¶ 7] Child support statutes are generally recognized as remedial rather than substantive. See Swanson v. Swanson (1996),109 Ohio App.3d 231, 235. Being remedial in nature, such statutes may be applied retroactively without violating the constitutional prohibition against retroactive laws. Bielat v. Bielat (2000), 87 Ohio St.3d 350. Nonetheless, when reviewing child-support matters, an appellate court applies an abuse-of-discretion standard. See Booth v. Booth (1989),44 Ohio St.3d 142. Therefore, the trial court's decision to utilize the pre-Am.Sub.S.B. No. 180 guideline methodology under the circumstances of this case did not amount to an abuse of discretion. Geschke v. Geschke, 2002-Ohio-5426, 9th Dist. Nos. 3266-M 3268-M; Muzechuk v.Muzechuk, 2002-Ohio-2527, 5th Dist. No. 2001 AP 090089; Curry v. Curry, 2001-Ohio-2601, 4th Dist. No. 01CA10.
[¶ 8] Next, appellant argues that the court's computation of child support is contradictory as to the issue of imputing income or potential income to appellee. On page three of the judgment decree of divorce, the court found that no income should be imputed to appellee due to her voluntary termination of her employment. However, on page four of the decree, the court adopted the child support calculation worksheet submitted by appellant which includes imputed or potential income based on her prior employment. Given these incongruous determinations, upon remand, the trial court must make clear whether any potential income is imputed to appellee.
[¶ 9] Last, appellant argues that the court failed to designate which party was entitled to claim the federal income tax deduction for the minor children as required by newly enacted R.C. 3119.82. Indeed, the record does not reflect which party is entitled to claim the federal income tax deduction for the parties' minor children. Therefore, upon remand of this case to the trial court, it is instructed to clarify and make those determinations.
[¶ 10] Appellant's second assignment of error states:
 [¶ 11] "THE TRIAL COURT FAILED TO MAKE AN EQUITABLE DIVISION OF THE MARITAL PROPERTIES OF THE PARTIES."
 [¶ 12] Appellant first argues that the trial court erred since it did not make an equal division of marital property pursuant to R.C.3105.171(C)(1). Specifically, appellant points out that the trial court failed to assign the mortgage indebtedness and that its distribution of items located in a warehouse was contradictory. The marital residence was assigned a fair market value of $73,000 with a mortgage indebtedness of $84,000 ($955 per month). The trial court granted appellee exclusive possession of the marital residence until the younger child has graduated from high school or reached 18, whichever occurs last, with the stipulation that if appellee cohabits or remarries, the right of appellee and the children to reside in the home terminates. Upon occurrence of either of these events, the trial court stated that the residence should be sold and the proceeds be divided equally between the parties. Although the trial court acknowledged the existence of the mortgage indebtedness, it did not assign that debt to either party.
[¶ 13] Additionally, the parties owned a warehouse. On page 5 of the judgment decree of divorce, the trial court awarded appellant "all right, title and interest in all equipment and other contents of [the] warehouse." However, when referencing the warehouse property on page 7 of the decree, the trial court states that "[b]usiness assets, accounts, inventory and/or other items of any kind will be liquidated upon terms agreed by the parties with the proceeds of sale being shared equally by the parties.
[¶ 14] When reviewing a domestic-relations appeal, this court examines the decision below to see if it was fair, equitable, and in accordance with the law. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,94; Martin v. Martin (1985), 18 Ohio St.3d 292, 295. In making this determination, however, this court cannot substitute its judgment for that of the trier-of-fact unless the trial court's decision amounts to an abuse of discretion. Kaechele, supra; Martin, supra, at 294-295. Abuse of discretion is more than an error of law or judgment and implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Kaechele, supra; Martin, supra, at 295; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[¶ 15] A trial court exercising domestic relations jurisdiction has full equitable powers appropriate to the determination of all domestic relations matters. R.C. 3105.011. The court must divide the property equitably between the parties, and in the case of marital property, must divide it equally between them, unless equal division would be inequitable under the criteria set out. R.C. 3105.171(C)(1); Zimmiev. Zimmie (1984), 11 Ohio St.3d 94. See, also, Cherry v. Cherry (1981),66 Ohio St.2d 348 (The Ohio Supreme Court held, at paragraph one of the syllabus, that "[t]here is no presumption, rebuttable or irrebuttable, that marital property be divided equally upon divorce; rather, a potentially equal division should be the starting point of the trial court's analysis * * *.") However, "[i]n allocating property between the parties to a divorce * * *, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele, supra, paragraph two of the syllabus.
[¶ 16] Given the insufficient detail concerning the mortgage indebtedness of the marital residence and the distribution of the warehouse contents, we are left without the proper framework to evaluate whether the award was fair, equitable, and in accordance with the law.
[¶ 17] Appellant's third assignment of error states:
 [¶ 18] "THE TRIAL COURT ABUSED ITS DISCRETION IN THE AWARD OF SPOUSAL SUPPORT AS THE ORDER IS EXCESSIVE; DOES NOT CONTAIN SUFFICIENT REASONING TO ENABLE A REVIEWING COURT TO DETERMINE THAT THE AWARD IS FAIR, EQUITABLE AND IN ACCORDANCE WITH THE LAW; AND DOES NOT PROVIDE FOR THE TERMINATION OF THE AWARD OF SPOUSAL SUPPORT WITHIN A REASONABLE TIME AND UPON A DATE CERTAIN."
 [¶ 19] Appellant argues that the court's award of spousal support is inequitable in light of the factors set out in R.C. 3105.18(C) as applied to the facts of this case and his financial situation.
[¶ 20] When reviewing an award of spousal support, an appellate court will not reverse the trial court's award absent an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218-219. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable or unconscionable. Id. at 219.
[¶ 21] The trial court should divide and distribute the marital estate and then decide whether a spousal support award is appropriate. R.C. 3105.18(B). When making a determination of spousal support, the court must consider the factors listed in R.C. 3105.18(C)(1). R.C.3105.18(C)(1). The first factor listed that the court must consider is "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code." R.C.3105.18(C)(1)(a).
[¶ 22] Since we cannot determine whether the property distribution was equitable, we cannot conclude whether the court's spousal support award constitutes an abuse of discretion.
[¶ 23] In sum, appellant's first assignment of error is without merit to the extent that he argued that the trial court did not properly calculate the child support award by failing to deduct from his income the spousal support he was ordered to pay appellee. Concerning the remaining arguments under appellant's first assignment of error and appellant's second and third assignments of error, this matter is remanded with instructions to the trial court to clarify certain determinations. First, the trial court shall clarify whether any potential income is to be imputed to appellee for purposes of calculating the child support. Second, the trial court shall designate which party is entitled to claim the federal income tax deduction for the minor children. Lastly, the trial court shall clarify its findings concerning the classification and distribution of the marital residence mortgage and the warehouse contents. Additionally, after the trial court has clarified its findings concerning the property division, it should revisit the spousal support award in light of those clarifications.
Waite and DeGenaro, JJ., concur.