[Cite as *Wells Fargo Bank, N.A. v. Washington*, 2013-Ohio-773.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|  |  |  |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2011-11-211 |
| | : | O P I N I O N |
| - vs - | | 3/4/2013 |
| | : | |
| RANDY P. WASHINGTON, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010-03-1153


Thompson Hine LLP, Scott A. King, Terry W. Posey, Jr., Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342-4934, for plaintiff-appellee

Dann, Doberdruk & Wellen LLC, Marc E. Dann, Grace Doberdruk, 4600 Prospect Avenue, Cleveland, Ohio 44103, for defendants-appellants, Randy P. & Artiffany A. Washington

Household Realty Corp., 1300 East Ninth Street, Suite 1010, Cleveland, Ohio 44114, defendant, pro se

Kenneth R. Reed, 241 Elm Street, Ludlow, KY 41016, for defendant, Foxborough Home Owners Assn.

Kelly Williams, 620 Main Street, Suite 500, Cincinnati, Ohio 45202, for defendant, Credit Acceptance Corp.


**RINGLAND, J.**

{¶ 1} Defendants-appellants, Randy Washington and Artiffany Washington, appeal

from the foreclosure and confirmation of sale of their real estate by the Butler County Court of Common Pleas.

{¶ 2} On March 10, 2010, plaintiff-appellee, Wells Fargo Bank, N.A., filed a complaint in foreclosure against appellants. On April 20, 2010, appellee filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1). On April 28, 2010, appellee filed a motion to vacate the dismissal, stating that it was inadvertently dismissed due to mistake and error. The trial court granted appellee's motion to vacate the dismissal on May 4, 2010. Upon motion by appellee, the trial court issued a judgment and decree in foreclosure on June 14, 2010. Appellant's home was subsequently sold on September 1, 2011, with the trial court confirming the sale on October 12, 2011.

{¶ 3} Appellants now appeal the foreclosure and confirmation of sale of their real estate, raising a single assignment of error for our review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION BY CONFIRMING THE SALE WHEN APPELLANT ARTIFFANY WASHINGTON WAS NEVER PROPERLY SERVED.

{¶ 6} Within this assignment of error, appellants raise two issues. First, appellants argue that "[a]ppellant Artiffany Washington was never served with the complaint which rendered the judgment of foreclosure void ab initio for lack of personal jurisdiction * * *." Second, they argue that the trial court lacked jurisdiction to render a judgment following appellees filing of a notice of voluntary dismissal pursuant to Civ. R. 41(a). We address appellant's second argument first as our resolution of that issue renders the first argument moot.

{¶ 7} The Ohio Supreme Court has held that, "[t]he plain import of Civ.R. 41(A)(1) is that once a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims. 'It is axiomatic that such dismissal deprives the trial court of

- 2 -

jurisdiction over the matter dismissed. After its voluntary dismissal, an action is treated as if it had never been commenced.' *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 95, 11 OBR 396, 464 N.E.2d 142." *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, ¶ 17.

{¶ 8} Appellants contend that any judgment journalized after the date of the filing of the voluntary dismissal by appellee is a nullity. *Kosier v. Lucas*, 6th Dist. No. L-12-1019, 2012-Ohio-6243, ¶ 4. Appellants therefore contend that the trial court erred in vacating the voluntary dismissal as its jurisdiction over the case was extinguished. In turn, appellee argues that: (1) appellants' argument is waived as they failed to raise it below; (2) the proper remedy was not to appeal, but rather to file for an equitable writ; (3) the time for seeking an equitable writ has long since passed; and (4) even if an appeal were available, it would have been from the default judgment, not from the confirmation of sale.

{¶ 9} As to appellee's first argument, we note that "[a] jurisdictional defect cannot be waived. *Painesville v. Lake Cty. Budget Comm.*, 56 Ohio St.2d 282 (1978). This means that the lack of jurisdiction can be raised at any time, even for the first time on appeal. See *In re Byard*, 74 Ohio St.3d 294, 296 (1996). This is because jurisdiction is a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void. *Patton v. Diemer*, 35 Ohio St.3d 68 (1988)." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

{¶ 10} With respect to appellee's second and third assignments, while appellants could have attacked the decision granting the motion to vacate dismissal through writs of mandamus and prohibition, their failure to do so does not waive their right to appeal on jurisdictional grounds. Accordingly, it is also irrelevant whether the time to seek an equitable writ has passed. Finally, appellants' appeal from the confirmation of sale is neither an attempt to circumvent an untimely appeal of the foreclosure judgment, nor is it an effort to

gain another bite at the apple on issues that were previously raised or could have been raised. As stated above, lack of jurisdiction may be raised on appeal at any time, and any proclamations made by the court without jurisdiction are void. Therefore, appellants could have rightfully appealed from either the foreclosure judgment or the confirmation of sale stemming from that judgment as they did in the present case.

{¶ 11} We find that the trial court was divested of jurisdiction following appellee's voluntarily dismissal of its complaint. Appellants' first assignment of error is therefore sustained.

{¶ 12} Judgment reversed and vacated for lack of jurisdiction, as are all judgments, orders and decrees issued by the trial court after the April 20, 2010 voluntary dismissal.

HENDRICKSON, P.J., and S. POWELL, J., concur.