ST. CLAIR, APPELLANT, *v.*
ST. CLAIR, APPELLEE.

(No. 3440—Decided May 25, 1983.)

*Mr. Arnold S. Levin,* for appellant.
*Mr. Allen Spike,* for appellee.

GEORGE, J. The plaintiff, Betty Lou St. Clair, appeals from an order of the court of common pleas made pursuant to various custody, alimony and support motions.

The parties were divorced on July 18, 1975. As a part of the divorce decree, the court ordered the defendant, Jack Lee St. Clair, to pay $75 per week as alimony to the plaintiff. Furthermore, custody of the parties' five children was granted to the plaintiff with the defendant being ordered to pay $125 per week as child support.

On March 8, 1982, the defendant moved for a termination of the alimony payments and a partial termination of the child support payments. On April 19, 1982, the plaintiff filed a motion with the court for the payment of delinquent alimony payments amounting to $2,400 and the payment of allegedly delinquent child support payments. The plaintiff further requested an increase of both child support and alimony. Finally, the plaintiff's motion requested that the defendant be found in contempt for failure to pay alimony. On May 6, 1982, the defendant filed a motion for custody of two of the five children.

Prior to the motion hearing, the plaintiff requested that the defendant produce certain documents pertaining to his financial condition. The defendant moved the court for a protective order after which the plaintiff requested an order to compel discovery. The trial court never ruled on these two motions.

The remaining motions were heard on

September 13, 1982, and the court rendered its decision with findings of fact and conclusions of law on October 27, 1982. From this order the plaintiff has appealed.

"1. The Court failed to make findings of fact and conclusions of law as requested by Appellant, as required by Civil Rule 52.

"* * *

"4. The Court erred in failing to find defendant guilty of contempt of the order of the Court for failure to pay alimony as ordered by the July 18, 1975 decree.

"5. The Court failed to grant plaintiff's Motion to Compel Defendant to Produce Documents described in Appellant's Request for Production of Documents, pertaining to defendant's income and wealth.

"6. The Court erred in concluding that child support arrearage as shown on the records of the Bureau of Support are [sic] ordered satisfied and paid.

"7. The Court abused its discretion and erred in failing to award attorney fees to plaintiff.

"8. The Court erred in refusing to admit into evidence, and take judicial notice of, U.S. Government publications of Consumer Price Index."

These assignments of error are decided together as they all rest upon the failure of the plaintiff to provide this court with a transcript of the proceedings of the September 13, 1982 hearing.

With regard to the first assignment of error, the plaintiff argues that the trial court erred in failing to make findings of fact on certain issues as she requested. The responsibility of a court in a bench trial, upon proper request, is to issue findings of fact concerning all of the ultimate facts. Civ. R. 52; *Freeman* v. *Westland Builders, Inc.* (1981), 2 Ohio App. 3d 212. Ultimate facts are those facts adduced by the factfinder from the evidentiary facts which will determine the action. In order to reverse for a failure to find facts, the reviewing court must find that such

failure was prejudicial. Here the court's failure to answer questions propounded to it is not demonstrated to be erroneous.

The fourth, seventh and eighth assignments of error all deal with matters within the discretion of the trial court. A finding of an abuse of discretion depends largely on the evidence presented in the record.

In her fifth assignment of error, the plaintiff complains that the court did not rule on her motion to compel discovery. The record discloses no objection by the plaintiff to the trial court's proceeding to a hearing on the merits.

It is essential that a party claiming error demonstrate the error in the record on appeal. 4 Ohio Jurisprudence 3d 518, Appellate Review, Section 248. In the absence of a transcript of the proceedings none of the errors assigned can be demonstrated to the reviewing court. Therefore, Assignments of Error Nos. 1, 4, 5, 6, 7 and 8 are overruled.

Assignment of Error No. 2

"The Court erred in concluding that it is without authority to increase an award of alimony payable in installments from future earnings or property acquisition of a party as the July 18, 1975 award."

In its journal entry the trial court concluded that it was without authority to increase the alimony awarded in July 1975. This judgment is erroneous.

In *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], the court observed that the authority of a trial court to modify an alimony award was established as early as 1885 in *Olney* v. *Watts* (1885), 43 Ohio St. 499. In that case, the court stated that a distinction might arise where the alimony award is in the nature of a permanent division of the property of the parties rather than an award for the wife's support. *Id.*

The court in *Wolfe* continued this support alimony and property alimony distinction. The court noted a general absence of authority to modify a division

of property. *Wolfe, supra,* at 416, 417, fn. 30. However, where the purpose of the alimony award was for the support of the wife, the authority to modify remains. *Id.* at 419. In formulating its holding, the court pointed to several factors which distinguish support alimony from property alimony.

First, support alimony is for the support of the wife. It is awarded in response to the husband's duty to provide sustenance, as contrasted to the wife's right to a portion of the marital property. *Id.* at 414. See, also, *Hunt* v. *Hunt* (1959), 169 Ohio St. 276, 281-282 [8 O.O.2d 286]. Second, alimony awarded as support is indefinite in amount, as contrasted with the definitive nature of a property settlement. *Wolfe* holds that where the alimony is terminable upon the remarriage or death of the wife, it is necessarily indefinite in amount. Finally, support alimony is an award independent of any other award, including a property division.

In the instant case, the 1975 decree awarded $75 per week as alimony and provided that such payments would terminate upon the wife's remarriage. The decree further provided for a property division. There is nothing in the decree which would indicate that the alimony award was intended as anything other than for the support of the plaintiff. The weekly award is separate from the disposition of property and is not a part of the property division. Furthermore, the alimony is terminable upon the remarriage of the plaintiff. This makes it indefinite by the language expressed in *Wolfe.*

Therefore, this decree falls squarely within the scope of *Wolfe* and is subject to modification. Accordingly, the court erred in concluding that it was without modification authority. While this decision does not require modification of the alimony award, it does require consideration of this issue on its merits.

This assignment of error is sustained.

Assignment of Error No. 3

"The Court failed to find the amount due and owing to plaintiff from defendant as granted by the July 18, 1975 decree."

In its judgment entry, at paragraph four, the trial court held:

"* * * [J]udgment is granted in favor of plaintiff and against defendant for alimony due and owing as granted by the said July 18th, 1975 decree; * * *."

Although this language grants the plaintiff a judgment on the issue of alimony, the order fails to specify the amount.

A judgment for money should be complete in itself and certain as to the amount. Otherwise, the parties' respective rights and liabilities would remain uncertain. Accordingly, this court finds that the trial court erred in failing to specify the amount due for alimony.

This assignment of error is sustained.

The judgment is reversed insofar as the court declared itself to be without authority to increase the alimony award and inasmuch as the judgment entry fails to state the amount of alimony due and owing. Therefore, the cause is remanded for the purpose of determining the plaintiff's motion for increased alimony on its merits and for clarification of paragraph four of the court's order as outlined above. In all other respects, the judgment is affirmed.

*Judgment accordingly.*

QUILLIN, P.J., and BAIRD, J., concur.