**PANZARELLO, Appellant,**

v.

**PANZARELLO, Appellee.**

[Cite as *Panzarello v. Panzarello* (1989), 61 Ohio App.3d 364.]

Court of Appeals of Ohio,
Medina County.

No. 1749.

Decided March 29, 1989.

*Dale E. Lefferts,* for appellant.

*Robert B. Henn,* for appellee.

---

HANS R. VEIT, Judge.

This is an appeal from the denial by the trial court of a motion by the appellant-husband, Edward J. Panzarello, to terminate sustenance alimony payable periodically.

The facts are not in dispute. The parties were divorced in August 1976, and the separation agreement signed by the parties provided for child support, a property settlement as well as continuing sustenance alimony in the sum of $225 per month. The agreement did not state a termination date of the sustenance alimony except that alimony would cease upon the remarriage of the wife, Frances Panzarello. The trial court incorporated the agreement into its judgment.

In January 1986, the trial court denied appellant's first motion to modify or terminate periodic alimony for the reason that "neither the court nor the parties made any reservation for a modification of alimony in the original decree." The trial court cited *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 17 OBR 14, 476 N.E.2d 1032, as dispositive.

On September 14, 1988, the trial court denied appellant's second motion to terminate sustenance alimony, again citing *Ressler, id.,* and stating further that its prior decision was binding as the law of the case since appellant failed to appeal the first denial of his motion.

As his single assignment of error, appellant-husband states:

"The trial court erred in its decision that the case of *Ressler v. Ressler,* 17 Ohio State 3d 17 [17 OBR 14, 476 N.E.2d 1032] (1985) was dispositive of the matter of a modification of periodic alimony in this case."

We agree and we sustain the assignment of error. We believe that the trial court has incorrectly applied the *Ressler* case. The error arises from a failure to consider fully the prior case of *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413. In *Wolfe,* the Supreme Court observed that a separation agreement providing for periodic sustenance alimony payments may be fair at the time it is signed, but become unfair and inequitable as the years go by and circumstances change. Periodic alimony awards may become manifestly oppressive as economic conditions change. To remedy this situation, the Supreme Court held in *Wolfe* that an order for sustenance alimony which is for an indefinite amount and which is accompanied by a separate property settlement may subsequently be modified by the court. Such author-

ity to modify may be implied even though the initial order is based on an agreement of the parties.

█ In *Wolfe,* the period of sustenance alimony was not fixed in terms of months or years. It was terminable only upon death or remarriage and thus indefinite. The Supreme Court had occasion to further explain its decision in *Colizoli v. Colizoli* (1984), 15 Ohio St.3d 333, 15 OBR 458, 474 N.E.2d 280, and *Ressler, supra.* Both cases dealt with awards of sustenance alimony for a fixed term of years, rather than for an indefinite term. Generally such periodic alimony cannot be modified.

It is true that remarriage and death will occur at some indefinite point of time in the future, but that was not the basis for the holding in *Wolfe.* The test is whether or not the period of time is limited by a specified numerical measure.

█ Having thus determined that authority exists to modify alimony, the question remains and we must decide whether the appellant lost his right of appeal when he did not appeal the first refusal by the trial court to modify the periodic award.

We do not believe that a person paying sustenance alimony over an indefinite period should be limited by law to one attempt to seek modification or termination of such award. Where authority to modify exists, as it does here, that authority continues, just as the power continues to modify child support and child custody awards.

█ The appellee argues, nevertheless, that the appellant is bound by the first decision of the trial court for the reason that the doctrine of *res judicata* applies. The appellee points out that the trial court held in January 1986, that the award for periodic alimony payments could not be modified under any circumstances except by death or remarriage of the wife. Even though that decision was erroneous, it became binding upon the parties in any further proceedings raising the same issue of law. We agree with the appellee and hold that the doctrine of *res judicata* prevents the appellant from relitigating the issue.

In *Columbus v. Union Cemetery* (1976), 45 Ohio St.2d 47, 74 O.O.2d 79, 341 N.E.2d 298, the Supreme Court applied the doctrine of *res judicata* and held in paragraph one of the syllabus that:

"In the absence of fraud or collusion, a point of law or a fact which was actually and directly in issue in a former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies. (*Norwood v. McDonald,* 142 Ohio St. 299 [27 O.O. 240, 52 N.E.2d 67];

*Whitehead v. Genl. Tel. Co.,* 20 Ohio St.2d 108 [49 O.O.2d 435, 254 N.E.2d 10], approved and followed.)"

See, also, Restatement of the Law, 2d, Judgments (1982) 250, Section 27.

Here the actual point of law was drawn in question and decided in the appellant's first motion to modify periodic sustenance alimony. The trial court decided that point of law against the appellant. He failed to appeal. He is barred from raising that same issue of law again in his second motion to modify periodic sustenance alimony.

■ For these reasons we must affirm the decision of the trial court. Appellant is not, however, barred from any further relief. He still has available to him the remedy provided by Civ.R. 60(B)(4) and 60(B)(5).

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., concurs.

QUILLIN, J., dissents.

HANS R. VEIT, J., of the Court of Common Pleas of Geauga County, sitting by assignment.

QUILLIN, Judge, dissenting.

Even though the trial court misconstrued the law as to the first motion, I believe the trial court's continuing jurisdiction allows it to apply the correct law as to future motions. I see no need for a Civ.R. 60(B) motion.

I would reverse the judgment.