OPINION
{¶ 1} Appellant, P.B., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, dismissing her motion for alternative disposition after the trial court awarded permanent custody of her children to appellee, Franklin County Children Services ("FCCS"). For the following reasons, we affirm that judgment.
 {¶ 2} In January 2000, appellant left her two children, K.B., born July 3, 1991, and A.B., born February 24, 1997, at FCCS's intake office. Appellant had been evicted from her house and could not take care of the children. Shortly thereafter, FCCS filed a complaint alleging that the children were neglected and dependent and requesting temporary custody of the children. On March 23, 2000, the trial court adjudicated K.B. and A.B. neglected and dependent children and awarded FCCS temporary custody. Appellant did not contest the trial court's findings. The trial court approved and adopted FCCS's case plan for the reunification of appellant and her children. The case plan required appellant to address a number of issues relating to her ability to support and parent her children.
 {¶ 3} On January 29, 2001, FCCS filed a motion for an award of permanent custody of K.B. and A.B. pursuant to R.C. 2151.413. In an affidavit attached to the motion, a social worker stated that appellant failed to substantially remedy the conditions that caused her to lose custody of her children and failed to utilize the resources available to her to comply with her case plan. The social worker stated that the children could not be placed with appellant within a reasonable time. After a hearing, the trial court found by clear and convincing evidence that an award of permanent custody to FCCS was in the best interest of K.B. and A.B. Accordingly, on August 23, 2002, the trial court divested appellant of her parental rights, privileges and obligations, and awarded permanent custody of her children to FCCS. Appellant did not appeal this decision.
 {¶ 4} On September 11, 2003, the trial court issued a judgment entry in which it amended its August 23, 2002 decision to include language terminating the father's parental rights. Appellant appealed that judgment to this court. We reversed the trial court's award of permanent custody to FCCS because appellant did not receive adequate notice of the hearing that terminated her parental rights. In re Babbs, Franklin App. No. 03AP-1011, 2004-Ohio-583.
 {¶ 5} On remand, FCCS again moved for an award of permanent custody of appellant's children. The trial court held another hearing, which appellant did not attend. After the hearing, the trial court again found by clear and convincing evidence that an award of permanent custody to FCCS was in the best interest of K.B. and A.B. Accordingly, on September 2, 2004, the trial court again divested appellant of her parental rights, privileges and obligations, and awarded permanent custody of her children to FCCS. Appellant did not appeal this decision.
 {¶ 6} In January 2005, K.B. and A.B. were adopted. On July 15, 2005, appellant filed a pro se motion requesting the trial court to consider an alternative disposition for her children. She requested the court return the children to her custody. A magistrate dismissed appellant's motion. The magistrate determined that it could not consider appellant's motion because the court no longer had jurisdiction over the children once they were adopted. Appellant did not file objections to the magistrate's decision. On August 12, 2005, the trial court approved and adopted the magistrate's decision dismissing her motion.
 {¶ 7} Appellant appeals and assigns the following errors:
I. THE TRIAL COURT'S DECISION TERMINATING THE PARENTAL RIGHTS OF P.B. WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
II. THE TRIAL COURT'S DETERMINATION THAT [K.B. AND A.B.] COULD NOT OR SHOULD NOT BE PLACED WITH THEIR MOTHER, P.B., WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
III. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE FRANKLIN COUNTY CHILD SERVICES AGENCY MADE THE REQUISITE EFFORTS TO PREVENT REMOVAL OF THE CHILD FROM THE CHILD'S HOME OR MAKE IT POSSIBLE FOR THE CHILD TO RETURN SAFELY HOME.
 {¶ 8} Appellant's three assignments of error all address the trial court's September 2, 2004 decision awarding permanent custody of her children to FCCS. Appellant, however, did not appeal from that decision. In this case, appellant has appealed from the trial court's August 12, 2005 dismissal of her motion for an alternative disposition. Res judicata prevents the litigation of issues that were raised on appeal or could have been raised on appeal. See In re Hoffman, Stark App. No. 2002CA0419, 2003-Ohio-1241, at ¶ 33 (res judicata bars re-litigation of motions that were denied but not appealed after final order); cf. In re M.H., Cuyahoga App. No. 85308,2005-Ohio-2854, at ¶ 9; In re T.G., Wayne App. No. 04CA0040,2004-Ohio-5173, at ¶ 8-9. The trial court's award of permanent custody to FCCS was a final order which appellant could have appealed. She did not. Accordingly, res judicata bars appellant from challenging in the present appeal the trial court's award of permanent custody. Appellant's three assignments of error are overruled.
 {¶ 9} Even if appellant had asserted assignments of error addressing the trial court's adoption of the magistrate's decision dismissing her motion, we note that appellant failed to file objections to the magistrate's decision. Juv.R. 40(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Because she did not file any objections, appellant is precluded from assigning as error the trial court's adoption of the findings of fact and conclusions of law from that decision.In re Darvius C., Erie App. No. E-00-064, 2002-Ohio-851; Wilmsv. Herbert, Lorain App. No. 04CA008525, 2005-Ohio-2, at ¶ 19.
 {¶ 10} Appellant's three assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Brown and Travis, JJ., concur.