[Cite as *Murphy v. Murphy*, 2013-Ohio-5776.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Penelope K. Murphy,                              :

      Plaintiff-Appellee/               :
      [Cross-Appellant],

                            :               No. 12AP-1079
v.                                   (C.P.C. No. 76DR-08-2911)

                            :

Frank B. Murphy,                                 :         (REGULAR CALENDAR)

      Defendant-Appellant/              :
      [Cross-Appellee].

D E C I S I O N

Rendered on December 30, 2013

*Artz, Dewhirst & Wheeler, LLP*, and *Thomas J. Addesa*, for appellee.

*Grossman Law Offices*, and *Andrew S. Grossman*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

CONNOR, J.

{¶ 1} Defendant-appellant/cross-appellee, Frank B. Murphy ("defendant"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying the motion for contempt filed by plaintiff-appellee/cross-appellant, Penelope K. Murphy ("plaintiff"), denying defendant's objection to the magistrate's decision, adopting the magistrate's decision, and denying defendant's motion to modify alimony. Because (1) the trial court abused its discretion in finding that the alimony award was not independent of the property division, and thus erred as

a matter of law in finding that it lacked jurisdiction to modify the alimony award, but (2) the trial court did not abuse its discretion in finding that defendant's obligation to maintain plaintiff as a beneficiary on his life insurance policy had terminated, we reverse in part and affirm in part, and remand the case to the trial court.

## I. FACTS & PROCEDURAL HISTORY

{¶ 2} Defendant and plaintiff were married in 1960 in Newark, Ohio; two children were born as issue of the marriage. Plaintiff filed a complaint for divorce on August 23, 1976. Following a hearing, the trial court journalized its judgment entry – decree of divorce on April 14, 1977 ("decree"). In the decree, the court made an award of custody, child support, alimony, and entered a property settlement. As pertinent herein, the decree obligated defendant to pay plaintiff "for her sustenance and support the sum of One Thousand Two Hundred Dollars ($1,200) per month as permanent alimony until death, remarriage or cohabitation." (Decree, ¶ 3.) The decree further obligated defendant to "maintain his present life insurance program, retaining the Plaintiff as beneficiary on each of the various policies, so long as the Defendant is obligated to pay child support and alimony." (Decree, ¶ 5.)

{¶ 3} Plaintiff appealed the decree to this court, assigning two errors. We overruled plaintiff's first assignment of error, but sustained the second assignment of error. We found the alimony award inadequate and modified the decree, ordering defendant to pay plaintiff $2,400 per month as permanent alimony until her death, remarriage, or cohabitation. *Murphy v. Murphy*, 10th Dist. No. 77AP-354 (Dec. 15, 1977).

{¶ 4} In 1984, plaintiff filed a Civ.R. 60(B) motion. Before the court entered judgment on plaintiff's Civ.R. 60(B) motion, the parties reached an agreement on the matter, and presented the court with an Agreed Order and Judgment Entry ("agreed order"). The court approved the agreed order on June 3, 1985. The agreed order modified various aspects of the property division and, although the agreed order did not alter the alimony payments, the parties waived their right to seek a modification of the alimony provision in the decree.

{¶ 5} On December 11, 2009, plaintiff filed a motion for contempt. Plaintiff asserted that defendant had disobeyed the decree by removing her as the beneficiary on

his life insurance policy, despite that he was still making alimony payments. On January 12, 2010, defendant filed a motion to modify his alimony payments based on changed circumstances. The trial court referred the motions to a magistrate.

{¶ 6} The magistrate issued two decisions on May 2, 2012; one addressed plaintiff's motion for contempt ("magistrate's life insurance decision"), and the other addressed defendant's motion for modification of alimony ("magistrate's alimony decision"). Regarding the life insurance provision, the magistrate held that it was clear from the decree "and its overall contents that defendant ha[d] a continuing obligation to maintain the life insurance with plaintiff as the beneficiary until her remarriage, cohabitation or death." (Magistrate's life insurance decision, 3.)

{¶ 7} Regarding the alimony payments, the magistrate noted that it initially had to determine whether the trial court had implicitly retained jurisdiction to modify the alimony award. Under the prevailing law existing prior to 1986, a trial court possessed inherent jurisdiction to modify an alimony award when the award was for an indefinite amount and was independent of the property settlement. The magistrate concluded that the alimony award herein was indefinite, but was not independent of the property division. In finding that the alimony award was not independent from the property division, the magistrate relied on *Colizoli v. Colizoli*, 15 Ohio St.3d 333 (1984), the magistrate's own marital balance sheet, and this court's decision in *Murphy*.

{¶ 8} Defendant filed objections to the magistrate's decisions, and asked the court to set aside the magistrate's life insurance decision. On November 26, 2012, the trial court issued a decision and entry granting defendant's motion to set aside the magistrate's life insurance decision, but denying defendant's objection to the magistrate's alimony decision. The court agreed with defendant that the magistrate's life insurance decision was dispositive of defendant's defense, in violation of Civ.R. 53(D)(2)(a)(i). Accordingly, the court set aside the magistrate's decision and addressed plaintiff's motion for contempt. The court determined that the plain language of the decree obligated defendant to maintain plaintiff as a beneficiary of his life insurance policy only so long as he was paying both child support and alimony. As defendant was no longer paying child support, the court concluded that defendant had no obligation to

maintain plaintiff as a beneficiary on his life insurance, and denied the motion for contempt.

{¶ 9} Regarding the alimony modification issue, the court noted that the arguments of both counsel were persuasive, "and in the opinion of this Court, equally persuasive." (Nov. 26, 2012 Decision & Entry, 5.) The court noted that defendant, as the party desiring to alter the status quo, had the burden of persuasion. The court concluded defendant failed to carry his burden, finding that the magistrate "did not err in concluding that the award of spousal support was not independent of the property division between the parties." Accordingly, the court denied defendant's objection and affirmed the magistrate's alimony decision. (Nov. 26, 2012 Decision & Entry, 5.)

## II. ASSIGNMENTS OF ERROR

{¶ 10} Defendant appeals, assigning the following assignments of error:

> [I.] THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT IT DID NOT HAVE CONTINUING JURIDICTION TO MODIFY THE CURRENT SPOUSAL SUPPORT OBLIGATION.
>
> [II.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE ALIMONY AWARD IS NOT INDEPENDENT FROM THE PROPERTY SETTLEMENT.

{¶ 11} Plaintiff cross-appeals, assigning the following error:

> I. The trial court erred by ruling that Defendant-Appellant is no longer obligated to maintain Plaintiff-Cross Appellant as the beneficiary on his life insurance policies.

## III. DEFENDANT'S APPEAL—JURISDICTION TO MODIFY ALIMONY

{¶ 12} Defendant's first assignment of error asserts the trial court erred in concluding that it lacked jurisdiction to modify the alimony award. Defendant's second assignment of error asserts the trial court abused its discretion in determining that the alimony award was not independent of the property division. Because the court's ruling on the independent nature of the alimony award determined whether the trial court had implicitly retained jurisdiction to modify the alimony award, we will address these assignments of error together.

{¶ 13} A trial court retains inherent power to interpret and enforce its own judgments. *Clay v. Clay*, 7th Dist. No. 06 BE 40, 2007-Ohio-4638, ¶ 13. When a trial court must interpret and enforce its prior divorce decree, the court's enforcement of the decree is reviewed for an abuse of discretion. *Id.* However, whether a trial court has jurisdiction to consider a modification of spousal support presents a question of law. *Koehler v. Koehler*, 12th Dist. No. CA2012-06-058, 2013-Ohio-336, ¶ 9. Questions of law are reviewed de novo. *Id.*

{¶ 14} The trial court denied defendant's objection to the magistrate's alimony decision, and affirmed the magistrate's decision. In ruling on objections to a magistrate's decision, the trial court must undertake an independent review of the matters objected to in order "to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Although the trial court reviews the magistrate's decision de novo, this court reviews the trial court's adoption of a magistrate's decision for an abuse of discretion. *Watson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 6.

{¶ 15} R.C. 3105.18(E) provides that, for divorce decrees entered on or after May 2, 1986, the trial court "does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed" and "the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." R.C. 3105.18(E)(1). A change of circumstances includes but is not limited to, "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).

{¶ 16} The decree at issue was journalized in 1977, rendering the version of R.C. 3105.18(E) quoted above inapplicable. For divorce decrees entered prior to May 2, 1986, we look to contemporaneous case law addressing the issue of modification of spousal support, previously known as alimony. *Shaw v. Shaw*, 12th Dist. No. CA96-05-013 (Sept. 30, 1996). Alimony is a term which encompasses two components: a division of marital assets and liabilities and periodic payments for sustenance and support. *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 95 (1988), citing *Cherry v. Cherry*, 66 Ohio

St.2d 348, 352 (1981).  Periodic alimony payments for sustenance or support are known as sustenance alimony.  *Shaw* at fn. 1.

{¶ 17} Before 1976, the case law regarding a court's continuing jurisdiction to modify an alimony award distinguished between decrees which were the result of an agreement between the parties, and decrees which were the result of a contested trial.  If the decree resulted from an agreement, the court lacked jurisdiction to modify the alimony award, unless the decree specifically reserved such jurisdiction.  *Popovic v. Popovic*, 45 Ohio App.2d 57, 64 (8th Dist.1975).  If the court issued the decree after a hearing, the court implicitly retained jurisdiction to modify the alimony award if the alimony award was for an unspecified or an indefinite total amount.  *Id.*

{¶ 18} In *Wolfe v. Wolfe*, 46 Ohio St.2d 399 (1976), the court held that "where an alimony award is for support only, is for an indefinite amount, and where there is no property settlement," or "the support award is independent thereof, the jurisdiction of the court to modify will be implied in the decree irrespective that such support order is based upon an agreement of the parties."  *Id.* at 419.  *See also Panzarello v. Panzarello*, 61 Ohio App.3d 364, 366-67 (1989).  A domestic relations court possesses continuing jurisdiction to modify sustenance alimony awards in order "to assure that such awards are continually just."  *Id.* at 419.

{¶ 19} The alimony award in *Wolfe* was to continue until the wife's remarriage or death.  The court held that such an award was indefinite, as "[t]he occurrence of those two conditions subsequent [are] necessarily indefinite."  *Id.* at 426.  *See also Panzarello* at 367 (noting that whether an award is indefinite depends on "whether or not the period of time is limited by a specified numerical measure").  Likewise, here, the magistrate correctly determined that the award was indefinite, as the conditions subsequent of remarriage, cohabitation or death are indefinite.

{¶ 20} The dispute in this case resolves to whether the alimony award is independent of the property division.  The trial court determined that the alimony award was not independent of the property division.  For the reasons that follow, we find the trial court abused its discretion in reaching that determination.

{¶ 21} In *Wolfe,* the court had to determine whether the alimony award was independent of the property division.  The court noted that Item 9 of the decree

provided for alimony payments of $35,000 per year for Mrs. Wolfe's "support and maintenance." *Id.* at 400. Item 10 of the decree provided that "[a]s a division of property and in further satisfaction of (Mr.) Wolfe's obligation to support and maintain Mrs. Wolfe and in addition to the monthly alimony payments," Mr. Wolfe was obligated to pay Mrs. Wolfe $350,000. *Id.* The court found the alimony award was independent of the property division "by reason of the wording in Item 9 that the award [was] '(i)n satisfaction of Wolfe's obligation to support and maintain Mrs. Wolfe,' " while Item 10 stated that the payment therein was for a division of property. *Id.* at 419. Accordingly, the court held that the "clauses [were] clearly separable," such that the trial court had implicit jurisdiction to modify the alimony award. *Id.*

{¶ 22} In *Shaw,* the court also reviewed the language of the decree to conclude that an award of sustenance alimony was independent of the property division. The *Shaw* court noted that the decree did not "mention * * * division of property when ordering alimony," and "clearly and independently addresse[d] the division of property" without any "mention of alimony." *Id.* In *St. Clair v. St. Clair*, 9 Ohio App.3d 195 (9th Dist.1983), the court also analyzed the language of the decree to determine whether the alimony award was independent from the property division. The court noted that the decree provided for alimony then "further provided for a property division." *Id.* at 197. The *St. Clair* court found "nothing in the decree which would indicate that the alimony award was intended as anything other than for the support of the plaintiff." *Id. See also id.* at syllabus (holding that "[s]upport alimony is indefinite in amount, as contrasted with the definitive nature of property settlement").

{¶ 23} Pursuant to *Wolfe*, *Shaw*, and *St. Clair*, it is apparent that a court's analysis, regarding whether an alimony award is independent from the property division, should consist of a review of the language used in the decree. The review should consider whether the decree provides separately for a division of property and sustenance alimony, and consider whether either provision states that the alimony payments are intended to be part of the property settlement.

{¶ 24} Here, paragraph three of the decree obligates defendant to pay to plaintiff, "for her sustenance and support," $1,200 each month as permanent alimony. The alimony paragraph does not indicate that these payments are intended to be part of the

property division. Paragraph six of the decree states that, "[a]s further property settlement hereunder, the Plaintiff shall receive one-half of the 'distributive income,' which the Defendant may receive from time to time, from 1333 North Corporation." (Decree, ¶ 6.) The remaining paragraphs of the decree contain further divisions of the marital property. The property division paragraphs do not indicate that the alimony payments are included in the property division. Because the decree provides for the alimony award and property division in separate paragraphs, and does not indicate that the alimony award is for anything other than plaintiff's support, the alimony award herein was independent from the property division.

{¶ 25} The magistrate relied on *Colizoli* to conclude that the alimony award was not independent from the property division. *Colizoli*, however, is distinguishable from the instant case. The decree in *Colizoli* ordered joint child support and alimony payments, and did not specify which portion of the combined payment was for either obligation. These joint payments were also for a definite period of time, as they were only to last for 12 years. *Id.* at 333. The *Colizoli* court stated that the following three factors militated against the determination that the joint payments were a division of marital property: (1) an unidentified portion of the payments were expressly designated as child support, (2) no other provision for spousal support was made in the decree, and (3) the total amount of marital assets was determined to be $7,090, while the total amount of the installment payments exceeded $160,000.

{¶ 26} In reliance on this third factor, the magistrate herein constructed a marital balance sheet identifying the amount of marital property received by each party. As plaintiff received marital property with a net value of $160,000 under the decree, but defendant received property with a net value of $384,508, the magistrate concluded that the difference demonstrated that the alimony award was intended to be part of the property division. The *Colizoli* court, however, never compared the total amount of marital property received by each party. There, the Supreme Court of Ohio compared the total, pre-division sum of marital assets to the total, 12-year sum of the combined alimony and child support payments. Such a comparison would be impossible in the instant case because the total amount of alimony is unascertainable. Moreover, the court in *Colizoli* specifically addressed whether the trial court had implicit jurisdiction

to modify the alimony award and concluded, pursuant to *Wolfe*, that the court lacked jurisdiction to modify because the payments were for "a *definite* amount over a specified number of years." (Emphasis sic.) *Colizoli* at 336.

{¶ 27} As we have found no case law which would support the magistrate's marital balance sheet comparison as a method for determining whether alimony is independent from a property division, we find the magistrate's comparison of each party's marital assets to be an abuse of discretion. *Compare Kaechele* at 95 (regarding a court's division of marital property, "[e]quitable need not mean equal"). Rather, the correct analysis is the one utilized in *Wolfe*, *Shaw*, and *St. Clair*, which simply requires the court to review the language of the decree.

{¶ 28} The magistrate also concluded that, by sustaining the plaintiff's second assignment of error in *Murphy* and increasing the amount of alimony, this court indicated that the alimony award was part of the property division. Plaintiff's second assignment of error in *Murphy* asserted that "[t]he property division directed by the trial court is inadequate and inequitable and constitutes an abuse of the trial court's discretion." *Id.* In our analysis of the second assignment of error we stated that the "property division made by the trial court did not constitute an abuse of discretion except for its order in paragraph 11 requiring the sale of the residence property." *Id.* We held that the sale of the residence should be deferred until the youngest child was emancipated. Following that modification, we "further [found] that the order of the trial court in paragraph 3, providing for payment by defendant to the plaintiff for her sustenance and support, the sum of $1,200.00 per month as alimony * * * [was] inadequate and against the manifest weight of the evidence." *Id.* Reviewing the applicable criteria under R.C. 3105.18, we ordered defendant to pay plaintiff "for her sustenance and support the sum of $2,400.00 per month as permanent alimony until death, remarriage, or cohabitation." *Id.*

{¶ 29} Our decision in *Murphy* does not indicate that the alimony award was part of the property division. The decision does not state that the increased alimony award was intended to equalize the property division. Although we sustained the second assignment of error, the only portion of the property division which we expressly found to be an abuse of discretion was the trial court's order that the parties sell the marital

residence immediately. We then separately found the trial court's alimony award inadequate, and stated that the increased award was for plaintiff's sustenance and support. As the *Murphy* decision does not state that the alimony award was part of the property division, we decline to interpret our decision as containing such an indication.

{¶ 30} Finally, the magistrate held that even if the court possessed jurisdiction to modify the award, the 1985 agreed order clearly precluded further modification of the decree. The magistrate found that the testimony of the parties regarding their understanding of the agreed order, and "the fact that neither party has asked for any modification of anything in the decree for nearly 25 years, including child support, is consistent with the magistrate's conclusion that the court lacks jurisdiction to modify alimony." (Magistrate's alimony decision, 13-14.)

{¶ 31} In the agreed order, the parties unambiguously waived their right to seek modification of the portions of the decree relating to alimony. The parties agreed that neither would "seek further modification of, or relief from, any term or provision of the Decree of Divorce, as amended, relating to alimony or support," and expressly acknowledged "that by affixing their signatures to this [agreed order], they [were] waiving and forever relinquishing their rights to seek further modification of, or relief from, each of the alimony and/or support provisions of the Decree." (Agreed Order, ¶ 4.) Accordingly, their can be no dispute that the parties waived their right to seek modification of the alimony award.

{¶ 32} The trial court, however, denied defendant's objections to the magistrate's alimony decision because it found the magistrate properly determined that the court lacked jurisdiction to modify the alimony award. Although the parties could agree to waive their right to seek a modification, they could not agree to divest the court of its jurisdiction to modify the alimony award. *See Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202, ¶ 13 (1st Dist.) (stating that while the parties "could not waive the court's statutory jurisdiction," they could "waive the right to seek modification of spousal support as a contractual matter between themselves" in their separation agreement); *Bohl v. Hauke*, 180 Ohio App.3d 526, 2009-Ohio-150, ¶ 11 (4th Dist.) ("Parties to a contract cannot oust a court of jurisdiction by agreement").

{¶ 33} Accordingly, on the narrow issue before us, we conclude that the trial court abused its discretion in adopting the magistrate's alimony decision, as the decree separately provided for sustenance alimony and a division of marital property. Because the alimony award was independent of the property division, and was indefinite as to amount and duration, the trial court possessed implicit jurisdiction to modify the alimony award. On remand, the trial court may exercise its jurisdiction and apply the waiver contained in the agreed order.

{¶ 34} Based on the foregoing, defendant's first and second assignments of error are sustained.

## IV. PLAINTIFF'S CROSS-APPEAL—LIFE INSURANCE

{¶ 35} Plaintiff's sole assignment of error on cross-appeal asserts the trial court erred by ruling that defendant was no longer obligated to maintain plaintiff as a beneficiary on his life insurance policies.

{¶ 36} As noted above, a trial court retains inherent power to interpret and enforce its own judgments, and the court's interpretation is reviewed for an abuse of discretion. *Clay* at ¶ 13. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). This court may not substitute its own judgment for that of the trial court in reviewing for an abuse of discretion. *Bowen v. Bowen,* 132 Ohio App.3d 616, 626 (9th Dist.1999), citing *In re Jane Doe 1,* 57 Ohio St.3d 135, 137 (1991).

{¶ 37} If the words and language in a judgment or decree are free of ambiguity, and appear to express clearly and plainly the sense intended, there is no need to resort to other means of interpretation. *Rohr v. Williams*, 7th Dist. No. 06 MA 171, 2007-Ohio-7207, ¶ 21. "An ambiguous order is one that is unclear or indefinite and is subject to more than one rational interpretation." *Id.* at ¶ 22. "If the language is ambiguous, then the trial court has broad discretion when clarifying that ambiguous language." *Id.* If a judgment is susceptible to two possible interpretations, we must adopt the interpretation which gives effect to the judgment in its entirety without eliminating part of the judgment. *Ward v. Ward*, 13 Ohio App.3d 302, 303 (10th Dist.1983).

{¶ 38} Paragraph five of the decree obligated defendant to "maintain his present life insurance program, retaining the Plaintiff as beneficiary on each of the various policies, so long as the Defendant is obligated to pay child support and alimony." (Decree, ¶ 5.) The parties did not appeal this provision to the court in 1977, and they did not modify this provision in the agreed order. Because neither party appealed this provision during the 1977 appeal, the propriety of the provision is now res judicata. *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995); *In re K.B.*, 10th Dist. No. 05AP-783, 2006-Ohio-3104, ¶ 8 (noting that "[r]es judicata prevents the litigation of issues that were raised on appeal or could have been raised on appeal").

{¶ 39} Accordingly, the sole issue before this court is whether the trial court abused its discretion in interpreting the phrase "child support and alimony," as that phrase is used in paragraph five of the decree. The magistrate concluded that it was clear from the overall contents of the decree that defendant had to maintain plaintiff as a beneficiary of his life insurance so long as he was paying her alimony. The trial court, however, concluded that defendant's obligation to maintain plaintiff on his life insurance policy was to last only while defendant was simultaneously paying both child support and alimony. The court noted that the life insurance provision specifically stated "child support **and** alimony; not child support **or** alimony." (Emphasis sic.) (Nov. 26, 2012 Decision & Entry, 3.)

{¶ 40} If this court were reviewing the life insurance provision de novo, we would be inclined to interpret the phrase "child support and alimony" in the disjunctive. *See Clagg v. Baycliffs Corp.*, 82 Ohio St.3d 277, 280 (1998), quoting R.C. 1.02 (noting the principal of statutory construction which holds that "although the word 'and' is usually interpreted in the conjunctive, we are permitted to interpret it in the disjunctive 'if the sense requires it' "); *Campbell v. Campbell*, 5th Dist. No. 12 AP 0001, 2012-Ohio-3059, ¶ 3, 18 (interpreting a similar provision in a divorce decree which obligated the defendant to maintain the plaintiff as a beneficiary of his life insurance policy "for so long as he [was] obligated to pay child support and alimony" in the disjunctive, as it appeared "unreasonable that the policy requirement would have expired as soon as the * * * child support payments ceased" because, "[i]f that were the case, it would not have been necessary to mention the alimony obligation at all in the contractual phrase"). By

providing for indefinite alimony payments and obligating defendant to maintain plaintiff as a beneficiary on his life insurance policies, it appears the author of the decree intended to provide for plaintiff's continued support, even in the unfortunate event of defendant's death.

{¶ 41} Nevertheless, although there are convincing reasons to interpret the phrase "child support and alimony" in the disjunctive in these circumstances, we cannot find that the trial court's interpretation of the phrase amounted to an abuse of discretion. The word "and" is generally read in the conjunctive, and reading the word "and" in the conjunctive does not eliminate any part of the decree. Accordingly, the trial court's interpretation of the life insurance provision as obligating defendant to maintain plaintiff as a beneficiary of his life insurance policy only so long as he was actively paying both obligations, was not unreasonable, arbitrary or unconscionable.

{¶ 42} Based on the foregoing, plaintiff's sole assignment of error on cross-appeal is overruled.

## V. DISPOSITION

{¶ 43} Having sustained defendant's first and second assignments of error, but having overruled plaintiff's assignment of error on cross-appeal, we affirm the portion of the judgment from the Franklin County Court of Common Pleas, Division of Domestic Relations regarding the life insurance provision, but reverse the portion of the judgment regarding jurisdiction and remand the cause for proceedings consistent with this decision.

*Judgment affirmed in part*
*and reversed in part;*
*cause remanded.*

KLATT, P.J., and BROWN, J., concur.
_____