[Cite as *Tabler v. Anderson*, 2017-Ohio-8005.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Azizah S. Tabler,                                    :

      Plaintiff-Appellee,               :                     No. 17AP-99
                                                      (C.P.C. No. 09JU-3963)
v.                                                   :

                                                   (REGULAR CALENDAR)
Gerald L. Anderson, Jr.,                             :

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on September 29, 2017

---

**On brief:** *Azizah S. Tabler*, pro se.

**On brief:** *Gerald L. Anderson, Jr.*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BROWN, J.

{¶ 1} Gerald L. Anderson, Jr. ("father"), defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court entered judgment granting the motion to modify child support filed by Azizah S. Tabler ("mother"), plaintiff-appellee. Both parties are proceeding pro se before this court.

{¶ 2} Father has not filed a transcript of the hearing on mother's motion to modify child support; thus, the following facts are based on those set forth in the magistrate's January 12, 2017 decision, as well as other pleadings included in the record. Father and mother have one child together born June 20, 2004. Paternity was established in April 2008. An administrative support order went into effect in August 2008, ordering

father to pay mother $388.02 per month, plus processing charge. Mother is the residential parent and there has never been any court-ordered parenting time, although father has had regular parenting time with the child.

{¶ 3} The underlying case commenced on March 26, 2009, when mother, through Franklin County Child Support Enforcement Agency ("CSEA"), filed a complaint to enforce administrative child support order and contempt due to father's failure to make payments pursuant to the order. On April 21, 2009, father filed a motion to modify child support. On September 11, 2009, the trial court granted mother's complaint to enforce the CSEA order and found father in contempt. The court ordered father to pay $388.02 per month, plus processing charge.

{¶ 4} On October 23, 2009, the trial court granted father's motion to modify child support and ordered father to pay child support in the amount of $308.57 per month, plus processing charge, when private health insurance is in effect, $263.93 per month, plus processing charge, and $64.58 per month in cash medical support, plus processing charge, whenever private health insurance is not in effect. Over the next several years, the court approved several CSEA administrative adjustment recommendations, which were unopposed by the parties.

{¶ 5} On September 2, 2016, mother filed a motion to modify child support. The child support order in effect at that time ordered father to pay child support in the amount of $233.11 per month, plus processing charge, when private health insurance is in effect, $170.54 per month, plus processing charge, and $91.21 per month, plus processing charge, in cash medical support, when private health insurance is not in effect.

{¶ 6} The matter was referred to a magistrate who held a hearing on the motion to modify on December 8, 2016. The parties were not represented by counsel, and an audio recording was made of the hearing. On January 12, 2017, the magistrate issued a decision in which she recommended the trial court grant mother's motion to modify, and recommended father pay child support of $529.59 per month, plus processing charge, during any time private health insurance is in effect, and $440.58 per month, plus $112 per month in cash medical support, during any time private health insurance is not in effect. The parties did not file objections to the magistrate's decision. The trial court adopted the magistrate's decision on January 12, 2017.

{¶ 7}  Father appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] THE TRIAL COURT ERRED IN MODIFYING CHILD SUPPORT ORDER DATED AUGUST 31, 2015.
>
> [II.] THE TRIAL COURT WAS IN ERROR IN COMBINING TWO EMPLOYERS INCOME.
>
> [III.] THE TRIAL COURT ERRER IN FINDINGS OF APPELLANT[']S TIME SPENT WITH CHILD.

(Sic passim.)

{¶ 8}  Initially, we must address two issues that are fatal to father's appeal. First, father failed to file objections to the magistrate's decision.  Juv.R. 40(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."  Because father did not file any objections, he is precluded from assigning as error the trial court's adoption of the findings of fact and conclusions of law from that decision.  *See In re K.B.*, 10th Dist. No. 05AP-783, 2006-Ohio-3104, ¶ 9, citing *In re Darvius C.*, 6th Dist. No. E-00-064, 2002-Ohio-851; *Wilms v. Herbert*, 9th Dist. No. 04CA008525, 2005-Ohio-2, ¶ 19. Furthermore, despite the fact that father was not represented by counsel in the trial court, pro se litigants are held to the same rules, procedures, and standards as litigants represented by counsel. *See Goodrich v. Ohio Unemp. Comp. Review Comm.*, 10th Dist. No. 11AP-473, 2012-Ohio-467, ¶ 25. We also note father has not raised a claim of plain error, the only exception cited in Juv.R. 40(D)(3)(b)(iv). Nevertheless, we have reviewed father's very brief arguments—which are only a few sentences—under each assignment of error, and we find no plain error.

{¶ 9}  Second, father also failed to file a transcript of the hearing before the magistrate. " ' "The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record." ' " *Lee v. Ohio Dept. of Job & Family Servs.*, 1oth Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10, quoting *Dailey v. R & J Commercial Contracting*, 10th Dist.

No. 01AP-1464, 2002-Ohio-4724, ¶ 20, quoting *Fleisher v. Siffrin Residential Assn.,* 7th Dist. No. 01-CA-169, 2002-Ohio-3002, ¶ 25, following *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980). "Absent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee* at ¶ 10, citing *Edwards v. Cardwell,* 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6; *Dailey* at ¶ 20. " 'Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled.' " *Lee* at ¶ 10, quoting *Maloney v. Maloney,* 34 Ohio App.3d 9 (11th Dist.1986), paragraph one of the syllabus.  Thus, with respect to any matters other than purely legal issues, where a transcript of what transpired before the magistrate is not prepared, we are often left with no choice but to presume the validity of proceedings before the magistrate and accept the trial court's adoption of the magistrate's decision.  *State v. Karabinos,* 10th Dist. No. 17AP-113, 2017-Ohio-7334.

{¶ 10} Applying these tenets to father's arguments, we must overrule his assignments of error.  Father's first assignment of error contains a mixed legal and factual argument regarding the magistrate's alleged use of 2010 documents that did not reflect the current income situation for purposes of completing the child support worksheet. Although the exhibits from the magistrate's hearing are included in the record before this court, without any context from the testimony during the hearing, they are not sufficient to review father's argument in his first assignment of error—even his purely legal argument.  However, we do note that, from what was included as exhibits in the record, we fail to see any earnings statements from 2010; thus, father's argument is perplexing. Father's second assignment of error appears to contain a largely legal argument regarding the magistrate's combination of his income from two separate employers, but father fails to present a convincing argument as to why the magistrate should not have combined his earnings from both employers to arrive at his gross income. Father's third assignment of error contains a purely factual argument; thus, without a transcript, we have no way to review it.

{¶ 11} Therefore, for the foregoing reasons, we must find the trial court did not err when it adopted the magistrate's decision in which the magistrate granted mother's

motion to modify child support. We overrule father's first, second, and third assignments of error.

{¶ 12} Accordingly, father's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.

_____