[Cite as *Archer v. Vallette*, 2022-Ohio-3560.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Lynda M. Archer, fka Vallette,          :

      Plaintiff-Appellant,          :

                                      No. 21AP-288
v.          :          (C.P.C. No. 13DR-2191)

Edward N. Vallette,          :          (REGULAR CALENDAR)

      Defendant-Appellee.          :

D E C I S I O N

Rendered on October 6, 2022

**On brief:** *Trolinger Law Offices LLC*, and *Christopher L. Trolinger*, for appellant. **Argued:** *Christopher L. Trolinger*.

**On brief:** *Christopher J. Minnillo*, for appellee. **Argued:** *Christopher J. Minnillo*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

KLATT, J.

{¶ 1} Plaintiff-appellant, Lynda M. Archer, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that granted defendant-appellee, Edward N. Vallette, relief from a previous judgment pursuant to Civ.R. 60(B). For the following reasons, we reverse the judgment and remand this matter to the trial court.

{¶ 2} On August 15, 2013, the trial court issued a judgment entry and decree of divorce that granted the parties a divorce, divided the parties' assets and debts, and ordered Vallette to pay Archer $600 per month in permanent spousal support. Neither party contested the divorce and the parties agreed to the terms of the divorce decree.

{¶ 3} Well over six years later, on February 4, 2020, Vallette moved to modify or terminate the payment of spousal support. Archer responded by moving to dismiss Vallette's motion. Archer pointed out that the divorce decree specifically provided that "[t]he Court [did] not retain jurisdiction over [the spousal support] provision." (Aug. 15, 2013 Decree of Divorce at 4.) As a consequence, Archer argued, the trial court lacked jurisdiction pursuant to R.C. 3105.18(E) to modify the amount or terms of the spousal support award.

{¶ 4} Vallette then filed a motion seeking relief from judgment under Civ.R. 60(A). According to Vallette, the court made a clerical error in inserting the word "not" when stating, "The Court does not retain jurisdiction over [the spousal support] provision." (Aug. 15, 2013 Decree of Divorce at 4.) Vallette asked the trial court to correct the divorce decree by deleting the erroneously inserted word. Archer responded that no such clerical error existed; Vallette was asking the court to substantively change the terms of the divorce decree.

{¶ 5} Next, Vallette filed a motion for relief from judgment under Civ.R. 60(B)(5). In this motion, Vallette claimed that in addition to the trial court's alleged clerical error, the parties made a mutual mistake in approving a divorce decree that did not grant the trial court continuing jurisdiction to modify the amount and terms of the spousal support award. Vallette stated that he "expect[ed] the evidence to show that neither of the parties meant for [him] to pay spousal support until the day [he] takes his dying breath, without any consideration for changes to [Archer's] future financial or marital situation." (Oct. 26, 2020 Mot. for Relief Under Civ.R. 60(B)(5) at 2.) Vallette argued that the lack of mutual assent to the spousal support term in the divorce decree warranted relief from judgment under Civ.R. 60(B)(5).

{¶ 6} A hearing before the trial court occurred on May 5, 2021. At that hearing, Archer admitted that she had not disclosed all the parties' assets and debts to the trial court prior to the granting of the divorce. The trial court then announced:

> I'm granting the [Civ.R. 60(B)(5)] motion as to everything but the divorce, and the reason is because the spousal support provision may have been different if we had known that there were additional debts to be paid.

All of the assets weren't allocated; all of the debts weren't allocated. So you have to take all of that into account when determining who will pay spousal [support] or who will not pay spousal [support]. So it [a]ffects the entirety of the case. So I am granting a [Civ.R.] 60(B) to everything except the divorce itself.

(May 5, 2021 Tr. at 22.)

{¶ 7} Archer's counsel objected, reminding the trial court that there was no "motion pending before the Court on this issue as to the [Civ.R.] 60(B) * * *." (Tr. at 23.) In response, the trial court stated that it could sua sponte grant Civ.R. 60(B) relief.

{¶ 8} In a judgment dated May 19, 2021, the trial court sua sponte granted Vallette Civ.R. 60(B) relief on the basis that Archer did not fully disclose the parties' marital assets and debts. The trial court vacated the August 15, 2013 divorce decree, except to the extent that it granted the parties a divorce.

{¶ 9} Archer now appeals the May 19, 2021 judgment, and she assigns the following errors:

[1.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR [CIV.R.] 60(B)(5) RELIEF VACATING THE DIVORCE DECREE AS TO SPOUSAL SUPPORT AS THE TRIAL COURT DID NOT HAVE JURISDICTION OR AUTHORITY TO GRANT CIV. R. 60(B)(5) RELIEF BY RULE OR STATUTE.

[2.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR AND COURT'S *SUA SPONTE* [CIV.R.] 60(B)(5) RELIEF VACATING THE DIVORCE DECREE AS TO PROPERTY DIVISION AS THE TRIAL COURT DID NOT HAVE JURISDICTION OR AUTHORITY TO GRANT CIV. R. 60(B)(5) RELIEF BY RULE OR STATUTE.

[3.] THE TRIAL COURT COMMITTED PLAIN ERROR IN GRANTING CIV. R. 60(B)(5) RELIEF AS TO SPOUSAL SUPPORT AND DIVISION OF PROPERTY AS THE TRIAL COURT LACKED AUTHORITY AND JURISDICTION TO GRANT [CIV.R.] 60(B)(5) RELIEF BY RULE OR BY STATUTE.

[4.] THE TRIAL COURT COMMITTED PLAIN ERROR IN GRANTING CIV. R. 65(B)(5) [sic] RELIEF WITHOUT

FINDING THAT THE APPELLEE SOUGHT RELIEF WITHIN A REASONABLE TIME.

[5.] THE TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED ITS DISCRETION IN *SUA SPONTE* VACATING ITS JUDGMENT AS TO THE PROPERTY DIVISION AS SUCH WAS NOT MOVED BY A CIV.R. 60(B) MOTION.

[6.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING PLAINTIFF-APPELLANT'S MOTION FOR ATTORNEY FEES AS THE CASE LAW WAS CLEAR THAT DEFENDANT-APPELLEE'S MOTIONS WERE NOT SUPPORTED BY THE LAW OR FACTS OF THE CASE.

{¶ 10} By Archer's first assignment of error, she argues that the trial court lacked jurisdiction to vacate the spousal support provision of the divorce decree. We agree.

{¶ 11} Whether a trial court has jurisdiction to modify a spousal support award presents a question of law. *Murphy v. Murphy*, 10th Dist. No. 12AP-1079, 2013-Ohio-5776, ¶ 13. Appellate courts review questions of law de novo. *Id.*

{¶ 12} Pursuant to R.C. 3105.18(E)(1):

if a continuing order for periodic payments of money as spousal support is entered in a divorce * * *, the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless * * * the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support.

This provision controls when a trial court has jurisdiction to modify a spousal support award contained in a divorce decree. *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, ¶ 56. Under this provision, a trial court only has jurisdiction to modify the spousal support award if the decree states that the court reserves jurisdiction to modify it. *Id.* at ¶ 57.

{¶ 13} Because R.C. 3105.18(E) is a substantive law, it prevails over the use of a procedural mechanism such as Civ.R. 60(B). *Morris* at ¶ 43, 55. Therefore, whether a court has jurisdiction to modify or vacate a spousal support award under Civ.R. 60(B) turns upon whether a decree of divorce or dissolution contains a reservation of jurisdiction. *Morris* at ¶ 57. To permit a trial court to exercise jurisdiction on the authority of Civ.R. 60(B) in the

absence of a reservation of jurisdiction would improperly imbue a procedural rule with more force than the substantive law. *Morris* at ¶ 57. Accordingly, "a trial court does not have jurisdiction under Civ.R. 60(B) to vacate or modify an award of spousal support in a decree of divorce or dissolution when the decree does not contain a reservation of jurisdiction to modify the award of spousal support pursuant to R.C. 3105.18(E)." *Morris* at ¶ 63.

{¶ 14} Vallette argues that R.C. 3105.18(E) does not apply to this case because that provision only precludes a court from exercising its continuing jurisdiction to *modify* a spousal support award, and in this case, the trial court *vacated* the spousal support award. In *Morris*, the Supreme Court of Ohio rejected Vallette's distinction between modification of the spousal support award and vacation of the award as "artificial." *Id.* at ¶ 49. The court concluded that "when an award [of spousal support] is vacated, it is a modification of the order, and a modification of the order is governed by the substantive law of R.C. 3105.18." *Morris* at ¶ 54.

{¶ 15} In the case at bar, the divorce decree specifically does not reserve jurisdiction to modify the spousal support award. Consequently, under R.C. 3105.18(E), the trial court did not have jurisdiction to vacate the spousal support award and erred in doing so. We thus sustain Archer's first assignment of error.

{¶ 16} We next turn to Archer's fifth assignment of error. By that assignment of error, Archer argues that the trial court erred in sua sponte granting Vallette Civ.R. 60(B) relief, thereby vacating the provisions of the divorce decree that divided the parties' assets and liabilities. We agree.

{¶ 17} To determine whether the trial court had the authority to sua sponte grant Civ.R. 60(B) relief, we must construe the language of Civ.R. 60(B). Interpretation of a Civil Rule of Procedure presents a question of law, which we consider de novo. *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-941, 2011-Ohio-3314, ¶ 11.

{¶ 18} In relevant part, Civ.R. 60(B) states, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding * * *." Pursuant to the plain language of this rule, a court may grant relief under Civ.R. 60(B) only on a party's motion. *Osbourne v. Kroger Co.*, 10th Dist. No. 19AP-869, 2020-Ohio-6757, ¶ 14. A court, therefore, has no authority to sua sponte vacate a

judgment under Civ.R. 60(B). *Osbourne* at ¶ 14; *First Merit Bank, NA v. Crouse*, 9th Dist. No. 06CA008946, 2007-Ohio-2440, ¶ 20; *Zunshine v. Cott*, 10th Dist. No. 06AP-868, 2007-Ohio-1475, ¶ 19.

{¶ 19} In the case at bar, Vallette moved for Civ.R. 60(B) relief, but he only argued that the trial court should grant relief from judgment because the parties made a mutual mistake in approving a divorce decree that did not reserve jurisdiction to modify the spousal support award. Thus, at most, Vallette moved the trial court to vacate the spousal support provision in the divorce decree. As Vallette's Civ.R. 60(B) motion did not mention, much less seek any relief regarding the property division, the Civ.R. 60(B) relief the trial court granted regarding the property division was granted sua sponte. The trial court exceeded its authority in granting that relief to Vallette.[1]

{¶ 20} On appeal, Vallette points out that a trial court has inherent authority to vacate its own void judgment. Vallette argues that the divorce decree is void because the trial court could not divide all the parties' marital assets and liabilities due to Archer's inadequate disclosure. Consequently, Vallette contends, the trial court had inherent authority to vacate the void property division contained within the divorce decree. We find this argument unavailing.

{¶ 21} "[A] void judgment is one entered by a court lacking subject-matter jurisdiction over the case or personal jurisdiction over the parties." *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, ¶ 11. When a case is within a court's subject-matter jurisdiction and the parties are properly before the court, any error in the exercise of the court's jurisdiction renders a judgment voidable, not void. *Id.* Here, Vallette identifies an alleged error in the trial court's exercise of jurisdiction that potentially rendered the divorce decree voidable. Because the decree is not void, the trial court could not use its inherent power to vacate it.

---

[1] We include in the sua sponte relief awarded by the trial court the court's purported grant of Vallette's Civ.R. 60(B) motion "to correct the duration of the marriage for division of the retirement accounts * * *." (May 19, 2021 Jgmt. Entry at 1.) As we stated above, Vallette's Civ.R. 60(B) motion did not request any relief related to the property division. Thus, the trial court acted sua sponte in modifying the term of the divorce decree that divided Vallette's retirement account.

{¶ 22} The trial court erred by sua sponte vacating the property division in the divorce decree pursuant to Civ.R. 60(B). Accordingly, we sustain the fifth assignment of error.

{¶ 23} By her sixth assignment of error, Archer argues that the trial court erred in failing to consider her motion for attorney fees. We agree.

{¶ 24} Pursuant to R.C. 3105.73(B), "[i]n any post-decree motion or proceeding that arises out of an action for divorce * * *, the court may award all or part of reasonable attorney fees and litigation expenses to either party if the court finds the award equitable." The post-decree litigation at issue arose out of Vallette's attempt to modify the spousal support award, despite the provision in the divorce decree divesting the trial court of continuing jurisdiction over that award and Vallette's acknowledgment at the divorce hearing that he understood the import of that provision. Given these circumstances, we conclude that the trial court erred in summarily denying Archer's motion for attorney fees without consideration. Accordingly, we sustain Archer's sixth assignment of error, although only to the extent that we find error in the trial court's failure to consider her motion for attorney fees on its merits. We leave it to the trial court to exercise its discretion on remand to determine whether a grant of attorney fees is equitable under R.C. 3105.73(B).

{¶ 25} Our resolution of the first and fifth assignments of error renders moot the second, third, and fourth assignments of error. Consequently, we do not address those assignments of error.

{¶ 26} For the foregoing reasons, we sustain the first, fifth, and sixth assignments of error. By sustaining the first and fifth assignments of error, we render moot the second, third, and fourth assignments of error. We reverse the judgment of Franklin County Court of Common Pleas, Division of Domestic Relations, and we remand this cause to that court for further proceedings consistent with law and this decision

*Judgment reversed; cause remanded.*

SADLER and BEATTY BLUNT, JJ., concur.

———————